**Derek CLEMENTS and Virginia Nell Clements, Plaintiffs–Respondents,**

v.

**Mary KOLIE, Defendant–Appellant.**

No. 18886.

Missouri Court of Appeals,
Southern District,
Division Two.

July 19, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 23, 1994.

Application to Transfer Denied
Sept. 20, 1994.

Jerry W. Venters, John C. Reed, Venters, Pletz and Reed, P.C., Jefferson City, for plaintiffs-respondents.

Janice P. Noland, Cynthia N. Dunbar, Camdenton, for defendant-appellant.

CHARLES B. BLACKMAR, Senior Judge.

In 1951 the then owner conveyed Lot 7, Block 13 of Horseshoe Bend Estates in Camden County to Leonard Jay Kolie and Mary L. Kolie, who at the time were husband and wife.

In 1979 a suit was filed by Nancy M. Gamble, alleging that she was the owner of Lot 8 in the same subdivision and that Leonard Jay Kolie, the sole defendant named in her suit, had encroached on Lot 8 by erecting walls and storing materials on Lot 8. An injunctive decree was entered by default against Leonard Jay Kolie, and he served some time in jail for contempt in failing to comply with the injunction. Leonard Jay Kolie died prior to 1985, survived by his wife Mary.

On February 27, 1985, Derek and Virginia Nell Clements filed suit against Mary L. Kolie, alleging that they were the present owners of Lot 8 in succession to Nancy M. Gamble, and seeking an injunction to require Mary to remove encroachments from Lot 8. Mary filed a counterclaim seeking to establish title by adverse possession to approximately 0.014 acres on which the alleged encroachments were situated. It appears that the case was assigned to Division I of the Circuit Court of Camden County (Judge James A. Franklin), but that the plaintiffs' motion for summary judgment was called up before Judge Mary Dickerson of Division II. Judge Dickerson rendered summary judgment for the plaintiffs Clements and against the defendant Mary Kolie on both the petition and the counterclaim. The court at the request of all parties found that there was no just reason for delay in the entry of judgment on the claims on which summary judgment was entered, and so the summary judgment is appealable under Rule 74.01(b). Mary Kolie appeals from the rulings adverse to her.

■ We take up first the assertion that the motion for summary judgment was improperly heard before Judge Dickerson in Division II rather than before Judge Franklin of Division I because, if Division II lacked jurisdiction, it should have proceeded no further with the case. *State ex rel. Raack v.*

*Kohn,* 720 S.W.2d 941 (Mo. banc 1986). We conclude, however, that the matter of assignment of cases and motions to particular judges is an internal matter for the circuit court, and that Division II did not lack jurisdiction initially. There is no record showing that the defendant-counterclaimant sought to disqualify Judge Dickerson, which she could have done within 30 days after Judge Dickerson assumed jurisdiction over the case, by application prior to the commencement of the hearing on the motion. S.Ct. Rule 51.05(b). Failing this, Judge Dickerson had jurisdiction.

■ Having so held, we conclude that there was fundamental error in the granting of summary judgment against Mary Kolie, based solely on a judgment against her late husband Leonard. Although the issue is not well developed in the briefs, it is clear that the effect of the 1951 deed was to vest title in Leonard and Mary in estate by the entireties, inasmuch as they were husband and wife at the time of that conveyance. The common law doctrine of estate by the entireties is well established in the common law of Missouri. See *Nelson v. Hotchkiss,* 601 S.W.2d 14, 18 (Mo. banc 1980), citing many cases. It is said that tenants by the entireties are seised *per tout et non per my. Hall v. Stephens,* 65 Mo. 670, 676 (1877). During their joint lifetime, neither tenant may make a valid conveyance which affects the rights of the other. *Robinson v. Pattee,* 359 Mo. 584, 222 S.W.2d 786, 787 (1949). On the death of one tenant by the entireties, the entire estate passes to the survivor, not from the deceased tenant, but from the original grantor, by virtue of the initial deed creating the estate by entireties. *Baker v. Lamar,* 140 S.W.2d 31, 35 (Mo.1940).

The plaintiffs-respondents understandably pointed out at oral argument that the issue of estate by entireties was not explicitly briefed, and suggest that, by reason of Rule 84.13(a), the defendant has waived the point by failing to brief it. Rule 84.13(c), however, gives the court the authority to notice "plain errors affecting substantial rights, ... though not raised or preserved...." An attempt to bind one tenant by entireties by a judgment

against the other is the plainest of errors, under established Missouri law. This is especially so in a case disposed of by summary judgment without a trial on the merits.

The plaintiffs-respondents argue that Mary was in "privity" with Leonard, so that a judgment against him is binding on her. This argument is rebutted by *Baker v. Lamar, supra,* in an opinion by the late, respected Commissioner S.P. Dalton, later Judge. There, a suit had been filed against the husband alone seeking to cancel a deed to him and his wife. After the husband's death, the wife sought to quiet her title to the property. The trial court entered judgment on the pleadings against the wife. The Supreme Court reversed, explaining at page 35 as follows:

> "The pleadings admit that the deed in question was a conveyance by defendant to plaintiff and her husband. Such a deed would create, prima facie, an estate by the entireties. [citing cases] In such case neither spouse could dispose of an interest in the estate without the assent of the other. [citing cases] *A judgment against one would not constitute a lien on the property since neither has a separate interest subject to execution.* (Emphasis supplied.)

As *Baker v. Lamar* demonstrates, Mary does not claim through Leonard. Her claim, rather, is derived from the common grantor in the 1951 deed. Her husband's death removes the burden of his interest from her title as conveyed by their 1951 deed. The respondents' citation of *Johnston v. Allis–Chalmers Corporation,* 736 S.W.2d 544 (Mo. App.1987), in support of their claim of privity between husband and wife is not appropriate, because that case involved a wife's suit for loss of consortium on account of personal injuries suffered by her husband. The court pointed out that the wife's right to recover is strictly dependent on the existence of a valid negligence claim by the husband. *Baker v. Lamar* controls our disposition of the case.

■ The respondents next suggest that the court apply the doctrine of "virtual representation" so as to bind the defendant by the judgment against her husband. There are several obstacles. The doctrine of virtual representation is sometimes available on the basis of necessity, but here no reason appears as to why the defendant could not have been made a party in the prior action against her husband. There are problems in making a suit into a representative suit when it is not maintained as such. One of the justifications for the application of a doctrine of virtual representation, moreover, is the circumstance that an issue has been fairly tried on the merits. It should not be applied in a default situation. See *Brown v. Bibb,* 201 S.W.2d 370 (Mo. banc 1947); *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

We are mindful that the 1951 deed created an estate by entireties only in Lot 7, whereas the present suit relates to the adjoining Lot 8, a part of which Mary claims by adverse possession. She of course has the burden of establishing the elements of adverse possession in support of her claim, but she is entitled to her day in court and cannot be precluded by a judgment against her husband in a suit to which she was not a record party. We cannot say as a matter of law that her claim to the portion of Lot 8 involved in the suit is derived from her husband, rather than being an incident of their ownership and possession of Lot 7 in estate by the entireties.

There is no occasion to expound on the distinction between *res judicata* and collateral estoppel. The judgment against the husband cannot be applied against the wife as to entireties property under either concept. Nor is there any reason to discuss the other issues raised in the briefs, or to speculate about matters which might be raised on remand. We simply hold at this point that the record before us will not support the entry of summary judgment.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

FLANIGAN, P.J., and PREWITT, J., concur.