Carolyn MILLER, Appellant,

v.

Mary Jo and John MAUZEY, Terry Bruce and Deborah Miller, William and Janet E. Rankin, Respondents.

No. WD 51562.

Missouri Court of Appeals, Western District.

March 19, 1996.

Douglas M. Weems, Kansas City, for appellant.

Lawrence V. Fisher, Plattsburg, for respondent Mauzey.

Thomas R. Summers, St. Joseph, for respondents Miller.

Janet E. Rankin, pro se.

Before ULRICH, P.J., and
BRECKENRIDGE and SMITH, JJ.

SMITH, Judge.

Carolyn Miller, hereinafter appellant, filed suit in circuit court against Terry Miller, hereinafter respondent Miller, and Mary Jo Mauzey, hereinafter respondent Mauzey,[1] for fraudulent transfer and to impose a constructive trust. Appellant filed an application for change of judge to disqualify the Honorable Ward B. Stuckey of the Circuit Court of Platte County, Sixth Judicial Circuit. The application was granted. As he was the only circuit judge in the Sixth Circuit, he assigned the case to the Honorable James W. Van Amburg, an associate circuit judge in the Sixth Circuit. Appellant filed a motion for reconsideration of the assignment, but Judge Van Amburg denied the motion. Both respondents filed motions to dismiss for failure to state a claim. Judge Van Amburg sustained both of these motions. Appellant appeals the dismissal of her suit. She asserts in Point I that she pled sufficient facts to state a claim for fraudulent transfer; in Point II that she pled sufficient facts to state a claim to impose a constructive trust; and in Point III that the circuit judge erred in assigning the case to an associate circuit

judge rather than requesting the Missouri Supreme Court to transfer the case pursuant to Rule 51.05(e)(2).

## FACTS

Respondents filed their motions to dismiss while Judge Stuckey was still presiding, but appellant filed her application for change of judge before the motions to dismiss were heard. After the assignment to Judge Van Amburg, the motions to dismiss and the motion for reconsideration of the assignment were heard at the same time. Judge Van Amburg issued one order denying the motion for reconsideration and sustaining the motions to dismiss.

We decide this case on the procedural issue discussed in Point III and, thus, no further recital of the facts is necessary to support our holding.

### I.

Because appellant's third point is a jurisdictional question, we address it first. In Point III, appellant asserts that the assignment of the case by Judge Stuckey violated Rule 51.05. We agree.

Appellant was entitled to disqualify the circuit judge as a matter of right pursuant to Rule 51.05(a). *Breazeale v. Kemna*, 854 S.W.2d 631, 632 (Mo.App.1993). This application was properly granted. Because the disqualified circuit judge was the only circuit judge in that circuit, we must determine the proper procedure for assigning the case to another judge after the disqualification.

At issue here is the language of Rule 51.05(e)(2). Subsection (2) sets forth the proper procedure for a judge to follow after being disqualified: "If the case is being heard by the only circuit judge in the circuit, or by an associate circuit judge after the disqualification of the only circuit judge in the circuit, request this Court to transfer a judge." Appellant asserts that the proper procedure under this rule was for the circuit judge to request the Missouri Supreme Court to transfer the case. Respondent Miller admits that appellant is correct on this

---

1. Janet Rankin and the spouses of each of the siblings were also named defendants, but neither of the counts of the lawsuit charge them with misconduct.

point, but urges this court to finally dispose of the case on the merits. Respondent Mauzey interprets the language of the rule "or by an associate circuit judge after the disqualification of the only circuit judge" to imply that the sole circuit judge may assign the case to an associate circuit judge after being disqualified. Both of the judges below were apparently of the same viewpoint as respondent Mauzey. We disagree.

We find the assignment of this case to an associate circuit judge by the disqualified circuit judge to be reversible error. The clause concerning an associate circuit judge does not imply that the circuit judge has made the assignment of the associate circuit judge as respondent Mauzey contends, but instead merely encompasses the scenario where the circuit judge requested the Supreme Court to transfer the case and the Supreme Court assigned the associate circuit judge to hear the case, who then is disqualified. Rule 51.05(e)(2) is purposefully stated in the disjunctive "or" and, in this sense, plainly states that in either situation, whether a sole circuit judge or an associate circuit judge is disqualified, the judge must make a request to the Supreme Court to transfer a judge to hear the case.

The interpretation of Rule 51.05(e)(2) offered by respondent Mauzey tortures the true meaning of this rule. If the Supreme Court had intended to give a disqualified circuit judge the power to personally assign a case to an associate circuit judge of his choosing, it would have said so. Rule 51.05(e) attempts to provide a rule for every possible scenario when a judge is disqualified. The disputed clause in subsection (e)(2) merely provides for the contingency that an associate circuit judge assigned to the case by the Supreme Court might need to be disqualified. It is not a grant of power to the circuit judge to assign the case. We cannot twist the plain meaning of the rule to accomplish the ends desired by Respondents.

■ Regardless of the number of judges in a circuit, Rule 51.05 does not explicitly permit a disqualified judge to choose which judge to assign a case to if there is more than one option. The only instance where a circuit judge may personally assign a case to another judge after being disqualified is when the case is filed in a circuit with two circuit court judges. Rule 51.05(e)(3) provides a circuit judge in that situation to either assign the case to the only other circuit judge or to request the Supreme Court to transfer a judge to hear the case. If both judges in this scenario were to be disqualified, the situation would be analogous to that in Rule 51.05(e)(2) and a request to the Supreme Court to transfer a judge would be in order. *See J & H Gibbar Constr. Co. v. Adams,* 750 S.W.2d 580, 582 (Mo.App.1988).

Further support for the proposition that the assignment here was improper is found in the line of cases holding that once an application to change the judge is properly filed, the court must grant the motion and is "without jurisdiction to take any further action in the cause." *Natural Bridge Dev. Co. v. St. Louis County Water Co.,* 563 S.W.2d 522, 526 (Mo.App.1978); *see also In re Wheat,* 794 S.W.2d 710, 714 (Mo.App.1990); *Walsh v. Director of Revenue,* 772 S.W.2d 865, 866 (Mo.App.1989). Logically, this would include the action of assigning the case to an associate circuit judge. The only action authorized by the rules is to request the Supreme Court to transfer a judge. Thus, we find the circuit judge was without jurisdiction to personally assign the case.

■ Since the assignment was improper, the associate circuit judge was without jurisdiction to rule on the motions to dismiss. Only motions that are taken under submission before the application for change of judge is filed may be ruled upon by that judge. *West v. Moran,* 586 S.W.2d 68, 70 (Mo.App.1979). Here, the motions to dismiss were not under submission when the application to change judge was filed with the circuit judge, nor were they under submission with the associate circuit judge when the motion for reconsideration was filed. Because the motions to dismiss were ruled upon by a judge without jurisdiction to do so, we declare the order dismissing those claims to be null and void. *See State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 944 (declaring all orders of a judge acting without jurisdiction to be null and void); *Renee v. Hannibal Regional,* 875 S.W.2d 171 (Mo.App.1994) (va-

**636**

cating order dismissing case because judge was without jurisdiction). Respondent Miller's contention that we should finally dispose of the case on the merits under Rule 84.14 must fail because there is nothing for us to review in a null and void order. *Stephens v. Estate of Campbell,* 865 S.W.2d 411, 412 (Mo. App.1993).

■ Respondent Mauzey contends that appellant's failure to file a second application for change of judge precludes judicial review of the improper assignment, citing *Clements v. Kolie,* 882 S.W.2d 299 (Mo.App.1994). His reliance is misplaced. *Clements* held "that the matter of assignment of cases and motions to particular judges is an internal matter for the circuit court...." *Id.* at 300. *Clements* dealt with the initial assignment and distribution of cases when filed between divisions within a circuit and *before* disqualification, not afterwards. There is no Supreme Court rule that controls matters pertaining to docketing cases as there is here with the assignment of cases after disqualification. We find *Clements* inapposite. The case before us more closely parallels *Wright v. Sports Associated,* 887 S.W.2d 596 (Mo. banc 1994). In *Wright,* an administrative law judge adjudicated a case before taking the oath required by § 287.600 and was therefore without jurisdiction from the beginning. *Id.* at 598. The Court held the failure to timely object waived any procedural defects. *Id.* In the case before us, however, there was a timely objection. Appellant filed a motion for reconsideration of the assignment with the associate circuit judge before any evidence was presented. The waiver argument thus fails and we accordingly find that appellant's objection preserved the issue for appeal. *Id.*

We reverse the judgment of the trial court as being null and void for lack of jurisdiction and remand it to the circuit court with directions to request the Missouri Supreme Court to transfer a judge to hear this case pursuant to Rule 51.05(e)(2).

All concur.