Robin REYNOLDS,
Petitioner/Respondent,

v.

Mark REYNOLDS,
Respondent/Appellant.

No. ED 75749.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 9, 1999.

---

The parties were married in April of 1984. Their child, a girl named Madison, was born July 2, 1995. They separated in January of 1998. They had been living in Steadman in Callaway County, but on separation the mother took Madison to her parents' hometown in Linn. Both parents are employed by the State of Missouri.

The case was tried in the summer and fall of 1998. On October 6, 1998 the trial judge wrote both parties, indicating he would grant joint custody with physical custody alternated between the two parents for two months at a time. He concluded that both parties were fit and proper parents, and directed counsel for the father to submit a proposed decree consistent with his communication.

Before a formal decree was presented, the judge wrote both parties saying he had changed his mind and he had come to the conclusion that a child such as Madison, not yet four, should not be rotated between parents for two-month cycles. He called for a decree awarding joint legal custody to both parents with primary physical custody in the mother and visitation rights for the father. He asked that both parties prepare proposed findings and conclusions. He edited the mother's proposed findings and entered a decree as indicated in his letter. The father appeals.

We dispose of two preliminary points. On July 24, 1998, the father submitted a late motion for change of judge on the ground that the judge who heard the case had said, during proceedings in another case, "I also question whether any man can adequately take care of a child sometimes." The father alleges that this statement shows the judge is biased against fathers as custodians, and that this bias would prevent him from properly applying section 452.375.8 RSMo 1994, providing there shall be no presumption against either parent because of sex, or because of the sex of the child.

Jack C. Hauser, Jr., Jefferson City, for appellant.

Michael J. Kuster, Jefferson City, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The father appeals from a judgment of dissolution of marriage and award of custody. We affirm.

The father also alleges that, while the parties were in court at an earlier stage of the case, the judge was seen talking with the mother's father in the courtroom. The mother's father is a County Commissioner of Osage County and was formerly the Sheriff of the County.

■ We find no error. Even though the time limit for seeking an automatic change of judge had expired, the parties may move for a change of judge on the basis of information subsequently coming to their attention. Section 508.120 RSMo 1994; *State v. Novak*, 949 S.W.2d 168, 170 (Mo.App.1997). This motion is addressed to the judge then in possession of the case. The judge is obliged to consider the motion carefully, and may sometimes call on another judge to hear the motion. *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo.App.1990). If the motion seems plausible, the challenged judge might well decide to recuse himself and avoid further controversy. But if the judge determines he has no prejudice requiring recusal and the evidence does not demonstrate facts demonstrating bias or prejudice, the judge may continue with the case.

■ The father's showing falls far short of the showing required for the rather drastic step of recusal. A judge's chance remark, made outside the setting of the case at hand, does not demonstrate that the judge is unwilling to hear the evidence and apply the law as he sees it. *State v. Kinder*, 942 S.W.2d 313, 321–22 (Mo. banc 1996). Judges not infrequently apply laws and legal rules with which they do not agree.

■ There is also bickering about whether the judge's two post-hearing letters are properly a part of the record which we may consider. We have no hesitation in saying that all communications by the court to counsel, written or oral, made in a case pending before the judge, may be brought to the attention of the appellate court. Inasmuch as the father's counsel has included the letters in the legal file, they are effectively before us and we need not comment further.

■ The letters, however, add nothing of legal significance. Until a final decree is entered the judge may set aside any tentative decision and make an entirely different decision. *See Miles v. Werle*, 977 S.W.2d 297, 304 (Mo.App.1998). Any prior decision merges into the judgment. The initial indication is of no effect whatsoever.

■ This brings us to the merits. Counsel for the father tell us we "must carefully review the evidence ..." and "determine what custodial arrangement serves the best interest of the child." This is not quite accurate. It is the appellant's responsibility to marshal the facts as required by Rule 84.04 and to demonstrate how these indicate legal error. We, of course, must review the briefs carefully, but it is not our responsibility to retry the case. Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Under its dictates, we must affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

■ On examining the facts relied on by the father we conclude they show no ground for reversal. The parties had some disagreements before the case came on for hearing, but this is not unusual in domestic cases. It may be inconvenient for the father to visit Madison in Linn rather than at his home, and considerable driving might be required, but when the parents split up some inconvenience is inevitable. We are not persuaded that the solution the trial judge worked out is unreasonable, or that it is not supported by the evidence. *Murphy*, 536 S.W.2d at 32.

The judgment is affirmed.

RHODES RUSSELL, C.J., LAWRENCE G. CRAHAN, J., concur.