Kenneth GOSSETT, Respondent,

v.

Laura GOSSETT, Appellant Pro Se.

No. WD 61364.

Missouri Court of Appeals,
Western District.

March 11, 2003.

Robert C. Paden, Jr., Independence, MO, for Respondent.

Laura Gossett, Blue Springs, pro se.

Before HOWARD, P.J., LOWENSTEIN and HARDWICK, JJ.

HAROLD L. LOWENSTEIN, Judge.

Laura Gossett *pro se*, appeals a Decree of Dissolution of Marriage entered in the Circuit Court of Jackson County. Gossett contends the trial court erred by depriving her of her right to Due Process and her right to certain property. Because Appellant filed an incomplete record and a de-fective brief, this court must dismiss Gossett's appeal.

Kenneth Gossett, Respondent, filed for dissolution of the marriage. Following the dissolution hearing, the trial judge award-ed the marital home and its contents, as well as a monetary judgment, to him. In this appeal, Appellant contends she was unfairly deprived of marital property and she was not afforded due process through-out the divorce proceedings. Respondent has filed a motion to dismiss the appeal asserting that appellant's brief violates the provisions of Rule 84.04. Respondent's motion was taken with the case.

■ Although Gossett appears *pro se*, she, as "appellant, is bound by the same rules of procedure as a party represented by a licensed attorney." *Perkel v. String-fellow*, 19 S.W.3d 141, 145 (Mo.App.2000). "While this court recognizes the problems faced by *pro se* litigants, we cannot relax our standards for non-lawyers. It is not for lack of sympathy but rather it is neces-sitated by the requirement of judicial im-partiality, judicial economy and fairness to all parties." *Id.* "Allegations of error not properly briefed 'shall not be considered in any civil appeal . . . .'" *Murphy v. Shur*, 6 S.W.3d 207, 209 (Mo.App.1999) (quoting Rule 84.13(a)). Gossett's brief violates most of the provisions of Rule 84.04. "Un-der the foregoing circumstances we are not obligated to review appellant's brief and we decline to do so." *Id.* at 210.

**The Record**

■ First, Gossett has failed to order or file a transcript from the trial court, in violation of Rule 81.12. The appellant "has the duty to present a record that contains 'all the evidence necessary for our making determinations in the issues raised.'" *State ex. rel. Callahan v. Collins*, 978 S.W.2d 471, 474 (Mo.App.1998) (citation omitted); *see* Rule 81.12(a). This includes

the duty to furnish a transcript containing all the records, proceedings, and evidence relating thereto. *Buford v. Mello*, 40 S.W.3d 400, 402 (Mo.App.2001). This court is bound by the record on appeal and cannot speculate as to what evidence may have been presented below which is not reflected by the record. *In re J.D.*, 34 S.W.3d 432, 435 (Mo.App.2000). Because Gossett has failed to file a transcript of the divorce hearing, this court has no way of determining whether the trial court did in fact err in its decree.

## Appellant's Brief

 Gossett's first brief was stricken. Gossett's statement of facts in her second brief is not "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "This requirement serves to define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case." 19 S.W.3d at 146. In this case, Gossett's statement of facts includes many instances of improper argumentative assertions of fact, which violate Rule 84.04(c). For instance, Gossett claims that respondent's counsel "maliciously withheld notice" of execution of the divorce decree from her. Gossett also claims the trial judge "illustrated her complete bias for respondent's counsel" by not making any changes to the divorce decree. These statements are clearly Gossett's arguments and do not represent an unbiased understanding of the facts of the case. Failure to meet the requirements set forth in Rule 84.04(c) is grounds for dismissal. *Gerhard v. Gerhard*, 34 S.W.3d 305 (Mo.App.2001).

Finally, Gossett's points relied on also fail to comply with Rule 84.04(d)(1). That rule requires appellants to pattern their points relied on after the following form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error.]." For example, Gossett's third point on appeal states as follows:

The trial court erred in signing and entering a final decree of dissolution of marriage, because appellant was deprived of property, in that such decree is vitiated with fraud, misrepresentation, or other misconduct of an adverse party, where respondent intentionally provided false information to the trial court.

 Not only does this point relied on fail to comply with 84.04, but it is also quite difficult to determine Gossett's precise claim of error. Gossett's point is conclusory in nature and fails to set out what rule of law the court should have applied and the evidentiary basis for it. It is not enough for a point relied on to simply state that the trial court was wrong without alluding to some evidence or testimony that gives support to such a conclusion. *Estate of Phillips v. Matney*, 40 S.W.3d 15, 18 (Mo.App.2001). "An insufficient point relied on in an appellant's brief preserves nothing for appellate review and constitutes grounds for dismissal." *Phillips*, 40 S.W.3d at 18. Although courts should attempt to decide cases on their merits, it is difficult, at best, to glean from this, and other points, any factual basis for establishing fraud or misconduct by the respondent.

Based on the foregoing, this court sustains Respondent's motion to dismiss taken with the case, and dismisses the appeal on the basis of Gossett's failure to comply with Rules 81.12 and 84.04.

All concur.