STATE of Missouri, ex rel. Shannon L. MORGAN by DIVISION OF CHILD SUPPORT ENFORCEMENT, Respondent,

v.

Patrick E. OKOYE, Appellant Pro Se,

Shanna R. Morgan, Plaintiff.

No. WD 63274.

Missouri Court of Appeals, Western District.

July 6, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 2004.

Patrick E. Okoye, Kansas City, pro se.

Linda J. King–Steele, Kansas City, for Respondent.

Before ROBERT G. ULRICH, P.J., HAROLD L. LOWENSTEIN and EDWIN H. SMITH.

ROBERT G. ULRICH, Presiding Judge.

Patrick Okoye appeals the trial court's judgment establishing paternity and child support. Mr. Okoye was declared to be the father of the minor child, Shannon Morgan, and ordered to pay child support in the amount of $942 per month. He claims that the trial court erred in calculating the child support amount. The appeal is dismissed.

In April 2002, the State of Missouri, Division of Child Support Enforcement, filed its petition against Mr. Okoye to establish paternity, child support, and medical support for the minor child. Mr. Okoye filed an answer requesting genetic testing. Following trial, the trial court entered its judgment finding, among other things, that the presumed correct child support amount as calculated pursuant to section 452.340.8, RSMo 2000, Rule 88.01, and Form 14 is $942 and such amount is not rebutted as unjust or inappropriate. This appeal by Mr. Okoye followed.

Mr. Okoye's first brief on appeal was stricken. After he filed his amended brief, the State filed a motion to dismiss or, in the alternative, a motion to strike Mr. Okoye's brief asserting that Mr. Okoye's brief failed to comply with Rule 84.04 and that Mr. Okoye failed to file a complete record on appeal. The motion was taken with the case.

■ As a *pro se* litigant, Mr. Okoye is bound by the same rules of procedure as a party represented by a licensed attorney and is not entitled to indulgences he would not have received if represented by counsel. *Gossett v. Gossett,* 98 S.W.3d 899, 900 (Mo.App. W.D.2003); *Manning v. Fedotin,* 64 S.W.3d 841, 846 (Mo.App. W.D.2002) (quoting *Belisle v. City of Senath,* 974 S.W.2d 600, 601 (Mo.App. S.D.1998)). "This principal is not grounded in a 'lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties'." *Manning,* 64 S.W.3d at 846 (quoting *Kline v. Casey's Gen. Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App. S.D.1999)).

■ Substantial compliance with Rule 84.04 is mandatory ensuring that the appellate court does not act as an advocate for the party by speculating on facts and arguments that were not asserted. *Wood–*

*son v. City of Independence,* 124 S.W.3d 20, 24 (Mo.App. W.D.2004). Rule 84.04(i) requires that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript."

Mr. Okoye's brief fails to make any reference in either the statement of facts or argument to the legal file or the transcript. In fact, Mr. Okoye has failed to file a transcript from the trial court. Rule 81.12 requires the record on appeal to "contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12 includes the duty to furnish a transcript containing all the records, proceedings and evidence relating thereto. *Gossett,* 98 S.W.3d at 900–901. An appellate court is bound by the record on appeal and cannot speculate as to what evidence may have been presented below which is not reflected by the record. *Id.* at 901.

Mr. Okoye claims on appeal that the trial court erred in calculating his child support obligation. Specifically, he challenges the trial court's calculations of his income and the court ordered child support payments for his other children. He also contends that he was not given an opportunity to submit a Form 14. Without a transcript and references to it and the legal file references in Mr. Okoye's brief, review of these claims is impossible. While some of the State's exhibits regarding Mr. Okoye's income are contained in the legal file, this court would be left to speculate regarding what additional evidence was offered at trial regarding the issue and whether the trial court's determination of his income was supported by the evidence or was contrary to the weight of the evidence. Furthermore, while Mr. Okoye included a document entitled "In the High Court of Abia State of Nigeria in the ABA Judicial Division Affidavit of Facts" purporting to be an affidavit signed by him stating that he was paying child support in the amount of $1600 per month for his other children living in Nigeria, the incomplete record does not disclose whether the trial court denied its admission into evidence or admitted it but found it not credible. Finally, Mr. Okoye fails to cite to the record or to explain the circumstances regarding his assertion that he was not given an opportunity to submit a Form 14.[1] For these reasons, the State's motion to dismiss is sustained. The appeal is dismissed.

HAROLD L. LOWENSTEIN and EDWIN H. SMITH, JJ., concur.

---

1. Mr. Okoye also included in the record on appeal documents not presented to the trial court including a Form 14 prepared by him. Documents not presented to the trial court may not be included in the record on appeal. *Aufenkamp v. Grabill,* 112 S.W.3d 455, 458 n. 3 (Mo.App. W.D.2003).