Mark REYNOLDS, Appellant,

v.

Robin REYNOLDS, Respondent.

No. ED 84923.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 2005.

Mark P. Reynolds, pro se.

Mary Jane Browning, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Judge.

Mark Reynolds, ("Father") acting *pro se*, appeals from the trial court's judgment awarding sanctions and attorneys' fees to Robin Reynolds ("Mother"). Father raises two points on appeal. First, Father claims the trial court erred in overruling his motion to disqualify the trial judge. Second, Father argues the trial court erred in entering judgment in Mother's favor for sanctions and attorneys' fees. We reverse and remand with instructions.

Mother and Father were divorced in 1998, and the decree awarded joint legal custody of their minor daughter to both parents, with primary physical custody awarded to Mother. Father appealed from that judgment, but this Court affirmed it in *Reynolds v. Reynolds*, 6 S.W.3d 183 (Mo.App. E.D.1999).

Subsequently, Father filed several post-judgment motions, including but not limited to, a motion for contempt against Mother and a motion to modify the judgment, specifically relating to the trial court's award of custody. The trial judge assigned to hear the case, the Honorable Jeffrey Schaeperkoetter, recused himself from the case *sua sponte* on September 26, 2002. The court minutes indicate the case was then transferred to the presiding judge of Osage County, the Honorable Gael D. Wood, who reassigned Father's case to the Honorable Robert D. Schollmeyer on October 11, 2002.

Father filed a motion to disqualify Judge Schollmeyer on March 10, 2003. Father has failed to include this motion for disqualification in the legal file. On April 1, 2003, the court minutes reflect Judge Schollmeyer ruled, "Motion to disqualify sustained and heard. Hon. John Berkemeyer requested to hear and determine case." The court minutes do not indicate the case was transferred to Presiding Judge Wood prior to reassignment as it was after Judge Schaeperkoetter recused himself.

Judge Berkemeyer presided over Father's case from April 17, 2003, through early January 2004, making several substantive rulings on Father's various pleadings. On January 9, 2004, Father filed a motion entitled "Motion to Renew All Motions Pending Before This Court that Associate Judge John B. Berkemeyer Has Ruled On," arguing Judge Schollmeyer had no authority to assign Judge Berkemeyer to his case, and as a result, Father argued Judge Berkemeyer lacked jurisdiction to rule on his motions. Father argued any rulings entered by Judge Berkemeyer are null and void also requested the case be transferred to the Missouri Supreme Court for the assignment of a new judge to hear his motions. Father asked for a hearing on these issues.

Mother filed a motion for sanctions and attorneys' fees against Father on April 15, 2004. The trial court held a hearing on Father's motions. Judge Berkemeyer denied Father's motions relating to his jurisdiction to hear the case, stating Father filed his motions out of time. The trial court granted Mother's motion for sanctions and attorneys' fees and ordered Father to pay $5775.84. Father appeals.

◼ Mother filed a motion to dismiss Father's appeal because she alleges his brief fails to comply with Rule 84.04. This motion was taken with the case. As a *pro se* litigant, Father is bound by the same rules of procedure as a party represented by a licensed attorney. *State ex rel. Morgan ex rel. Div. of Child Support Enforcement v. Okoye*, 141 S.W.3d 410, 411 (Mo. App. W.D.2004). A *pro se* litigant's substantial compliance with Rule 84.04 is mandatory, thus ensuring that the reviewing court does not act as an advocate for the party by speculating on facts and argu-

ments that were not asserted. *Id.* While Father's points relied upon are not in compliance with Rule 84.04(d), nor does he include a standard of review with respect to each point, we are able to glean Father's legal arguments and therefore, we will review his points on appeal.[1] *Willis v. Most Worshipful Prince Hall Grand Lodge of Mo. & Jurisdiction,* 866 S.W.2d 875, 877 (Mo.App. E.D.1993). Mother's motion to dismiss is denied.

■ Father's first point on appeal is dispositive. Father's first point argues the trial court erred in overruling his motion to disqualify the trial judge and in refusing to hold an evidentiary hearing. The heart of Father's argument is that Judge Berkemeyer should have held an evidentiary hearing on Father's "Motion to Renew All Motions Pending before This Court that Associate Judge John B. Berkemeyer Has Ruled On" because the case was assigned improperly. Father argues the improper assignment denies Judge Berkemeyer jurisdiction to rule on any motions pending before him.

Rule 51.05(e) governs reassignment of a case from a disqualified judge. If the parties have not stipulated to a particular judge hearing the case, then "the disqualified judge shall notify the presiding judge: (1) If the presiding judge is not disqualified in the case, the presiding judge shall assign a judge of the circuit who is not disqualified or request [the Missouri Supreme Court] to transfer a judge." *See also,* Section 478.255.1, RSMo 2004.

Father relies upon *Miller v. Mauzey,* 917 S.W.2d 633 (Mo.App. W.D.1996) to support his position. In *Miller,* the trial court granted a timely filed motion for disqualification. *Id.* at 634. Since the tri-

al judge was the only circuit judge in the Sixth Circuit, he assigned the case to an associate circuit judge. *Id.* Miller filed a motion for reconsideration of the assignment, which was denied. *Id.* The associate circuit court judge then sustained the respondents' motions to dismiss Miller's action. *Id.* Miller appealed, claiming, *inter alia,* the circuit court erred in assigning the case to the associate circuit judge. *Id.*

The Western District agreed, and found the circuit judge committed reversible error in assigning the case to the only other judge in the circuit. *Id.* at 635. After setting forth the proper procedure for assigning a case to another judge after disqualification relying upon Rule 51.05, the court went on to say, "[i]f the Supreme Court had intended to give a disqualified circuit court judge the power to personally assign a case to an associate circuit judge of his choosing, it would have said so." *Id.* Moreover, the *Miller* court stated, "Regardless of the number of judges in a circuit, Rule 51.05 does not explicitly permit a disqualified judge to choose which judge to assign a case to if there is more than one option." *Id.*

Similar to the situation in *Miller,* it is clear from the record before us that when Judge Schollmeyer granted Father's motion for disqualification he assigned the case to Judge Berkemeyer in violation of Rule 51.05. Judge Schollmeyer was not the presiding judge and was unable to assign the case to a judge of his choosing.

"Once an application to change the judge is properly filed, the court must grant the motion and is without jurisdiction to take any further action in the cause. Logically,

---

1. We also note Mother failed to file a respondent's brief in this matter. "While no penalty is prescribed for failure to file a brief, we are required to decide the case without the bene-

fit of that party's authorities and points of view." *State v. Berry,* 92 S.W.3d 823, 831 n. 1 (Mo.App. S.D.2003).

this would include the action of assigning the case to [another] judge." *Miller,* 917 S.W.2d at 635 (internal quotations omitted). As a result, we find Judge Schollmeyer was without jurisdiction to assign the case to Judge Berkemeyer. It follows that since the assignment was improper, Judge Berkemeyer was without jurisdiction to rule on any of the motions prior to this appeal, including his grant of Mother's motion for sanctions and attorneys' fees. "Because the motions . . . were ruled upon by a judge without jurisdiction, we [must] declare the order . . . to be null and void." *Id.* Father's first point is granted. Because this point is dispositive, we need not address Father's second point on appeal.

Based on the foregoing, we reverse the judgment of the trial court as being null and void for lack of jurisdiction. We remand this case to the circuit court with instructions to the presiding judge to assign a judge to hear this case in compliance with Rule 51.05(e)(1).

REVERSED AND REMANDED WITH DIRECTIONS.

GARY M. GAERTNER, SR., J., and SHERRI B. SULLIVAN, J., concur.