**Gene GRAFTON, Appellant,**

v.

**CITY OF PLATTSBURG, Respondent.**

**No. WD 64485.**

Missouri Court of Appeals,
Western District.

June 21, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 2005.

Gene Grafton, Plattsburg, MO, for Appellant Pro Se.

Mark A. Hubbard, Platte City, MO, for Attorney for Respondent.

Before EDWIN H. SMITH, C.J., HAROLD L. LOWENSTEIN and ROBERT G. ULRICH, JJ.

ROBERT G. ULRICH, Judge.

Gene Grafton appeals the judgment of the Clinton County Circuit Court affirming a decision of the City of Plattsburg Board of Zoning Adjustment ("Board"). In his *pro se* appeal, Mr. Grafton alleges three errors in the decision of the Board to allow a salvaging operation to continue on specified lots within the city limits that had been zoned as residential. Mr. Grafton claims the trial court's judgment was not supported by the evidence because (1) the Administrator lacks authority to change the Zoning Regulations; (2) no evidence was presented of ownership; and (3) Mr. Grafton was not allowed to introduce a warranty deed demonstrating ownership.

The appeal is dismissed.

## Statement of Facts

In a letter dated October 30, 2003, the Zoning Administrator of the City of Plattsburg notified Mr. Grafton of decisions made regarding an ongoing zoning dispute. The letter informed Mr. Grafton that pursuant to Section XII of the City Zoning Regulations, a salvage operation that had existed for many years was allowed to continue on residential Lots 22, 32, 34, 39, and 41 of the original town of Plattsburg. The letter noted that the City was "unable to make a clear determination regarding the specifics of past salvage locations and the timing of such operations," and thus the non-conforming use was allowed to continue.

On November 17, Mr. Grafton appealed the decision of the City Zoning Administrator to the Board. Mr. Grafton contended, *inter alia*, that the salvage operations had been illegally conducted and were thus improperly grandfathered as a non-conforming use. The Board heard Mr. Grafton's appeal on January 15, 2004, at which time the appeal was denied.

On February 2, 2004, Mr. Grafton filed a petition for review in the Clinton County Circuit Court appealing the Board's decision pursuant to section 89.110, RSMo 2000. The trial court held a hearing on July 13, 2004, and on August 16, 2004, entered judgment denying the appeal. This timely appeal followed. Mr. Grafton claims in three points that (1) the circuit court erred in finding that evidence supports the Board's decision, (2) the circuit court's judgment was not supported by the evidence because Mr. Gardner failed to produce evidence that he owned the three properties at issue, and (3) the court erred when it did not allow him to introduce as evidence a certified copy of a warranty deed.

## Rule 84.04

■ Mr. Grafton's first brief on appeal was stricken for failing to comply with Rule 84.04, and Mr. Grafton filed an amended brief. Though Mr. Grafton is a *pro se* litigant, he is still bound by the same procedural rules as a party represented by counsel, and he is entitled to no indulgences that a represented party would not be. *State ex rel. Morgan v. Okoye*, 141 S.W.3d 410, 411 (Mo.App. W.D. 2004). "This principal is not grounded in a 'lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties.'" *Id.* (quoting *Kline v. Casey's Gen. Stores, Inc.*, 998 S.W.2d 140, 141 (Mo. App. S.D.1999)).

■ Mr. Grafton's amended brief still fails to meet the standards required by Rule 84.04. Unless a party substantially complies with the requirements of the rule, the court risks speculating on facts and arguments or advocating on behalf of the party. *Id.* Rule 84.04(e) requires that the argument section "include a concise statement of the applicable standard of review for each claim of error" and that arguments "shall be limited to those errors included in the 'Points Relied On.'" An argument section should discuss the points on appeal, and "show how the principles of law and the facts of the case interact." *Jenkins v. Manpower On Site at Proctor & Gamble*, 106 S.W.3d 620, 624 (Mo.App. W.D.2003) (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo.App. S.D. 1999)).

■ Mr. Grafton's arguments relate only marginally to the legal contentions voiced within his points on appeal. Instead his arguments attempt to present alternative evidence that was not considered by the Board, including his own observations and perceived motivations of the Board. Mr. Grafton cites to no legal

precedent within his arguments, and he provides no support for his contentions. "It is the appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail." *Id.* "If a party fails to support a contention with relevant authority or arguments beyond conclusions, the point is considered abandoned." *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 164 (Mo. App. S.D.2002).

## Procedural Posture

Mr. Grafton's three points on appeal contest the circuit court's judgment and not the Board's decision. An appellate court independently reviews the findings and conclusions of the Board itself, and not the judgment of the trial court. *State ex. rel. Teefey v. Bd. of Zoning Adjustment of Kansas City,* 24 S.W.3d 681, 684 (Mo. banc 2000). Review is limited in scope to determining "whether the Board's action is supported by competent and substantial evidence upon the whole record or whether it is arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction." *Id.* (quoting *Hutchens v. St. Louis County,* 848 S.W.2d 616, 617 (Mo. App. E.D.1993)). Section 89.110, RSMo, authorizes the circuit court, when it deems appropriate, to "take additional evidence ... which shall constitute a part of the proceedings upon which a determination of the court shall be made." Mr. Grafton informs in his brief that the court conducted a hearing and that it declined to permit him to introduce as evidence a deed to property. Mr. Grafton's third point claims the circuit court erred in not accepting evidence. A transcript of the hearing is not provided, however. Without a transcript of the hearing, the issue Mr. Grafton attempts to raise on appeal cannot be considered because the record is incomplete and the means for determining the accuracy of Mr. Grafton's claim, and whether the circuit court breached its discretion in not permitting the introduction of evidence, is not determinable on appeal. The transcript of the hearing of the City of Plattsburg Board of Zoning Adjustment, however, which was provided, contains evidence that lots 22, 32, and 41 of the City of Plattsburg have been used as a depository for discarded objects in the operation of a salvage business for in excess of at least forty or fifty years, a time antecedent of the zoning ordinance pertaining to salvage operations within the city limits. Although the record provided appears to contain competent and substantial evidentiary support for the Board's decision to deny Mr. Grafton's appeal contesting the "grandfathering" of the salvage business on the stated properties, the appeal is dismissed for the reasons noted.

EDWIN H. SMITH, C.J. and LOWENSTEIN, J. concur.