**Judith A. DRESSEL, Respondent,**

v.

**Thomas V. DRESSEL, Sr., Appellant.**

No. ED 88482.

Missouri Court of Appeals,
Eastern District,
Division One.

May 9, 2007.

Thomas V. Dressel, Festus, MO, Pro Se appellant.

CLIFFORD H. AHRENS, Presiding Judge.

Thomas V. Dressel, Sr. ("Husband") appeals from the judgment of the trial court in a dissolution of marriage action. Husband contends that the trial court erred in awarding primary physical custody of Michael J. Dressel ("Michael") to Judith A. Dressel ("Wife"), and also erred in its division of marital property and debts and in awarding maintenance to Wife in the amount of $500 per month. Husband also argues that the trial court erred in calculating child support for Michael, and in ordering that he pay arrearages for child support. Because Husband failed to provide an adequate record on appeal for this Court to determine whether the trial court's judgments were proper, the appeal is dismissed.

Husband and Wife were married in October 1980 and had three children during the course of the marriage. On April 7, 2004, Wife filed a petition for dissolution of marriage. At the time that Wife filed this petition, only the youngest of the couple's children, Michael, was still a minor. In her petition, Wife requested primary physical custody of Michael, but joint legal custody, reasonable child support retroactive to the date of the filing of the petition, division of marital property and debts "upon consideration of all relevant factors," maintenance, and her attorney's fees and other legal expenses. Husband filed a cross-petition seeking primary physical custody of Michael, reasonable child support retroactive to the date of filing of the cross-petition, and a just and equitable division of marital property and debts.

After a hearing the trial court issued a judgment on March 28, 2006. It awarded joint legal and physical custody of Michael to both Husband and Wife, with specific periods of custody and visitation as set forth in the parenting plan attached to the judgment. It awarded Wife arrearages for past due child support based on a PDL agreement, and a higher amount for child support retroactive to the date of the filing of her petition.

The trial court also awarded Wife statutory modifiable maintenance. It ordered Husband to pay Wife's legal fees as well. The trial court also determined what was each party's separate property and the marital property, and divided the marital property. It ordered that each party pay the debts that were in their own names, and that any debt exclusive of that on real property, mobile homes, and cars, be divided eighty percent to Husband and twenty percent to Wife.

Husband filed a motion to amend the judgment along with a memorandum in support thereof that it incorporated by reference. He filed additional exhibits with the trial court. The trial court held a hearing on this motion. In its judgment of June 30, 2006, it set aside a portion of its March 28, 2006 judgment as to the amount of statutory modifiable maintenance that Husband was to pay Wife, and reduced it.

Husband now appeals.

■■■ Husband appears *pro se*, but is bound by the standards and rules of procedure as a party represented by a licensed attorney. *Gossett v. Gossett*, 98 S.W.3d 899, 900 (Mo.App.2003). While we are not unmindful of the challenges that face *pro se* litigants, judicial impartiality, judicial economy, and fairness to all parties prohibit this Court from relaxing these requirements. *Id.*

■■■ The notice of appeal reflects that Husband did not request a transcript,

though he did compile a legal file. Rule 81.12 requires that an appellant compile the record on appeal. *Bishop v. Heartland Chevrolet, Inc.* 152 S.W.3d 893, 897 (Mo.App.2005); *Gossett*, 98 S.W.3d at 900. It is the appellant's duty to provide a record on appeal that contains "all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12; *Gossett*, 98 S.W.3d at 900. This includes the duty to provide a transcript containing all of the records, proceedings, and evidence relating thereto. *Id.* at 900–01. We are bound by the record on appeal, and cannot speculate as to what evidence may have been presented to the trial court that is not reflected in the record. *Id.* at 901. Without a copy of the transcripts of the hearings, we have no way of knowing what the testimony or evidence before the trial court was. *Bishop*, 152 S.W.3d at 897.[1] Because Husband has failed to file a transcript of the hearings in the dissolution of marriage proceedings, this Court has no way to determine whether the trial court did in fact err in its judgments. *See Id.; Gossett*, 98 S.W.3d at 901. " 'Clearly we cannot review evidentiary sufficiency claims without knowing the evidence presented.' " *Bishop*, 152 S.W.3d at 897 (quoting *Pierson v. Laut*, 113 S.W.3d 298, 300 (Mo.App.2003)).

Where, as here, an appellant fails to provide this Court with everything needed to determine all of the questions presented, dismissal is appropriate. *Bishop*, 152 S.W.3d at 897. *See also Gossett*, 98 S.W.3d at 901. Because Husband has failed to provide this Court with the necessary record to review his claims, we dismiss his appeal.[2]

Appeal dismissed.

MARY K. HOFF and NANNETTE A. BAKER, JJ., concur.

---

1. A transcript is necessary on appeal in order to verify factual statements made by the parties in their briefs, and also to verify which exhibits were actually admitted into evidence. *Bishop*, 152 S.W.3d at 897, n. 5. Further, this Court cannot consider exhibits without knowing what testimony was offered regarding those exhibits, or on what basis or under what circumstances they were admitted. *Id.*

2. We note that Husband's first two points relied on, which address the custody of Michael, apparently would be moot, as Michael is no longer a minor, and there is nothing in the record that indicates that legal or physical custody would be an issue in the future.