Shirley **RICHARD**, Claimant–Appellant,

v.

**L & S LANGCO PROPERTIES, L.L.C.,**
**Employer–Respondent,**

and

**Missouri Division of Employment**
**Security, Respondent–**
**Respondent.**

No. SD 31166.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 13, 2011.

Shirley Richard, Advance, Appellant Acting pro se.

Wade M. Schuster, Scott City, (no brief filed), for Employer–Respondent.

Leah Williamson, Jefferson City, for Missouri Division of Employment Security.

NANCY STEFFEN RAHMEYER, Judge.

Shirley Richard ("Claimant") appeals from the denial of unemployment benefits by the Labor and Industrial Relations Commission ("the Commission"). The Commission found that Claimant voluntarily quit without good cause; the finding is supported by competent and substantial evidence based on the whole record and, accordingly, we affirm.

 Initially, we shall address the request made by the Missouri Division of Employment Security ("the Division") and L & S Langco Properties, LLC ("Employer"),[1] collectively Respondents, to dismiss Claimant's appeal for failure to comply with Rule 84.04.[2] We agree that Claimant, who appeals pro se, presented a woefully inadequate brief. Claimant is entitled to bring her claim without legal representation, but, in doing so, "is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence she would not have received if represented by counsel." *Johnson v. St. Mary's Health Ctr.*, 738 S.W.2d 534, 535 (Mo.App. E.D.1987). "A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Burton v. Tucker*, 937 S.W.2d 775, 776 (Mo. App. S.D.1997). " 'This principal is not grounded in a lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.' " *Moran v. Mason*, 236 S.W.3d 137, 139 (Mo.App. S.D.2007) (quoting *State ex rel. Morgan ex rel. Div. of Child Support Enforcement v. Okoye*, 141 S.W.3d 410, 411 (Mo.App. W.D.2004)). As such, Claimant is required to substantially comply with the mandatory briefing requirements of Rule 84.04, as well as the other Missouri Court Rules. *Id.*

Claimant's statement of facts in the instant case is argumentative, disorganized, and biased, in violation of Rule 84.04(c), which requires a fair and concise statement of the facts without argument. Similarly, Claimant's point relied on, as set forth below, is unclear, argumentative, disorganized and in violation of Rule 84.04(d):

### Points Relied On

The Labor and Industrial Relations Commission erred, because it failed to take into consideration claimant's admitted quitting with "good cause". (Constructive Discharge)

The Commission failed to determine whether or not claimant's quitting was reasonable and in good faith in light of the facts and circumstances of her case.

The [C]ommission was obligated to make unequivocal, affirmative findings of the facts. Fruehauf Division, *Fruehauf Corporation v. Armstrong*, 620 S.W.2d 67, 69 (Mo.App.1981) "The order of the commission is subject to review by the courts to determine whether it is 'authorized by law' and whether it is 'supported by competent and substantial evidence *upon the whole record* ' Mo. Const. art. V, § 18." *Pulitzer Pub. Co. v. Labor & Indus. Relations Comm'n*, 596 S.W.2d 413, 417 (Mo. banc 1980).

*The commission failed to meet its obligation.*

The Commission allowed new evidence by the employer that wasn't allowed in the Appeal's Tribunal Decision. (COYNE v. CARGILL INC )

---

1. Employer did not file a separate brief, but concurred and joined in the brief filed by the Division.

2. All rule references are to Missouri Court Rules (2011), and all references to statutes are to RSMo 2000, unless otherwise specified.

Furthermore, Claimant also includes facts which are not in the record and does not include references to the record for factual assertions. Although Claimant bases her entire argument on the factual disputes of her claim, the factual issues must be resolved in favor of the Commission's decision. Section 288.210.[3] Respondent, to its credit, responds to a possible issue which we can address in this appeal, i.e., whether the Commission erred in denying unemployment benefits to Claimant because she voluntarily quit without good cause by failing to act in good faith and reasonably under the circumstances.

Section 288.050.1(1) provides that benefits will be withheld if the claimant has "left work voluntarily without good cause attributable to such work or to the claimant's employer." Section 288.050.1(1). "On its face, the language excluding eligibility applies to those leaving work 'voluntarily,' with the proviso that someone who leaves voluntarily will still be eligible for benefits if that person voluntarily left for good cause stemming from work" *Difatta–Wheaton v. Dolphin Capital Corp.*, 271 S.W.3d 594, 598 (Mo. banc 2008).

■ As to whether Claimant quit voluntarily, Claimant testified that she first took a voluntary layoff a week before the annual two-week plant shutdown. After the two-week shutdown had elapsed, Claimant took a month long personal leave of absence to deal with family problems. Claimant then took a medical leave in order to heal a rotator cuff injury that happened at home. Claimant testified that, upon being released from her doctor on September 10, 2010, she informed Employer that she was quitting. Employer testified that, while on a leave of absence, Claimant called in on September 10, 2010, and resigned. In Claimant's Separation Information Request for the Division, Claimant stated that she quit because of "non-payment of wages." In light of the consistent testimony by both Claimant and Employer that Claimant willingly left her position, the Commission found her departure to be voluntary. After reviewing the record as a whole, there is competent and substantial evidence to support that conclusion.

■ Because Claimant voluntarily left her employment, she is not eligible to receive benefits unless she proves that she did so for good cause attributable to the work or her employer. *Hessler v. Labor & Indus. Relations Comm'n*, 851 S.W.2d 516, 518 (Mo. banc 1993); *Lusher v. Gerald Harris Constr., Inc.*, 993 S.W.2d 537, 545 (Mo.App. W.D.1999). Whether such good cause exists is a question of law which we review independently without any deference to the Commission's determination. *Cooper v. Hy–Vee, Inc.*, 31 S.W.3d 497, 502 (Mo.App. W.D.2000); *Sokol v. Labor & Indus. Relations Comm'n*, 946 S.W.2d 20, 26 (Mo.App. W.D.1997).

This Court summarized the legal principles relating to the good cause requirement of section 288.050.1(1),[4] in the following fashion:

The phrase "good cause" has no precise meaning; it depends on the facts of each case. An employee has good cause to

3. "The findings of the [C]ommission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210.

4. We note that section 288.050 has been revised multiple times since the filing of the *Lossos* case and that the version from 2006, as opposed to the current 2011 version, is applicable to Claimant's claim for benefits; however, the pertinent language in section 288.050.1(1) has not changed since the 1996 revision.

quit his employment if his conduct is consistent with what a reasonable person acting in good faith would do in a similar situation. The circumstances motivating an employee to quit must be caused by external pressures so compelling that a reasonably prudent person would be justified in terminating his employment. Good faith is an essential element of good cause, and to establish it the employee must prove that he made an effort to resolve the troublesome situation before terminating his job.

*Dep't of Natural Res.–Parks and Recreation v. Lossos*, 960 S.W.2d 537, 540 (Mo. App. S.D.1998) (internal citations omitted). Additionally, the conditions " 'must be real, not imaginary, substantial, not trifling, and reasonable, not whimsical, and good faith is an essential element.' " *Hessler*, 851 S.W.2d at 518 (quoting *Belle State Bank v. Indus. Comm'n Div. of Emp't Sec.*, 547 S.W.2d 841, 846 (Mo.App.Spfld.D.1977)).

■ Claimant asserts that she quit her employment because of Employer's failure to pay her for ten minutes of mandatory daily stretching. Claimant testified at the appeals hearing that this time was unpaid and "too stressful." Claimant further testified, "[t]hey owe me about $4,000, and they're not going to back pay that, so why should I just go in and work every day another ten minutes for the company." Additionally, Claimant gave a statement to a deputy of the Division investigating her claim on October 13, 2010, including her reasons for quitting:

I quit because I was turning 70 and that is why I quit[.] I couldn't handle the stress anymore. The whole 10 minute[s] of exercise each day was too stressful. This 10 minutes a day that I was not being paid for had been going on for 6 years and I just got sick of it. I did go to Lisa a month or two before I

quit and she just explained the paid breaks and lunches to me. I then complained to the wage and hour and they said they are looking into the whole 10 minutes before work without pay issue. I quit after I made that complaint to the wage and hour within USDOL. I also knew they were going to be laying people off so I just quit before the lay off.

Claimant made an issue of a requirement that she clock in ten minutes prior to her shift for required exercise. The Commission made a factual finding that Claimant was fully paid for her work. That finding is amply supported in the record and any claim that Claimant was not paid for overtime is without merit.

■ Claimant's additional reasons do not provide her with good cause for her voluntary departure. As discussed in *Quick 'N Tasty Foods, Inc. v. Division of Employment Security*, 17 S.W.3d 620 (Mo. App. W.D.2000), the court held that appellant voluntarily quit without good cause when she resigned for fear that she would be terminated and did not want a discharge on her employment record. *Id.* at 622, 625–26. The court found that even though her employer suggested the resignation and provided her with a resignation form, such action was not enough to make her departure involuntary or qualify as good cause for voluntarily quitting. *Id.* Claimant's claim that she quit because she would be laid off or because she was turning seventy is an unreasonable basis for a showing of good cause.

Claimant voluntarily left her employment without good cause attributable to the work or her employer. The judgment is affirmed.

BURRELL, P.J., LYNCH, J., concur.