

# In the
# Missouri Court of Appeals
# Western District

OSAGE MOBILE HOME PARK, LLC,

Respondent,

v.

LISA JONES (SMOTHERS),

Appellant

WD81183

OPINION FILED:

APRIL 9, 2019

Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Robert Lynn Trout, Judge

Before Division Three: Gary D. Witt, Presiding Judge, Cynthia L. Martin, Judge,
Anthony Rex Gabbert, Judge

In 2005, Appellant Lisa Jones began renting a lot from Respondent Osage Mobile

Homes, LLC ("Osage") for her mobile home. The terms of the month-to-month tenancy were set

forth in a written agreement. The agreement stated that the property could only be occupied by

Jones and Janessa Brown.[1] It further stated that the agreement was not assignable, and that Jones

could not sublet the property without Osage's written permission. Jones vacated the property

several years ago, but Brown continued to reside in the mobile home.

In August of 2017, Brown also vacated the trailer, and Jones's daughter, Jessika Koehler,

moved in. Koehler submitted a written application to occupy the property to Osage, but after

---

[1] Brown and Koehler, discussed *infra*, were parties to the original action, but they did not join Jones in this appeal.

Koehler failed the background check, Osage notified her that she did not have permission to occupy the property. Osage also gave Jones written notice that the month-to-month tenancy was being terminated. After Koehler refused to vacate the premises, Osage filed its petition for breach of lease and unlawful detainer.

The foregoing evidence was adduced at a trial where Jones, Koehler, and Wayne Gretzinger, who owns Osage, testified. There, as here, Jones appeared *pro se*. The trial court entered judgment awarding damages and restitution of the premises to Osage. Jones then commenced this appeal.

## DISCUSSION

Jones's brief presents two points on appeal, though they are more properly read as one, as the first point merely sets forth the standard of review Jones believes we should apply to the case. For the second point, Jones argues that the trial court misapplied Section 441.060.4(2) RSMo (2016). Jones argues that Section 441.060 requires landlords to provide 60 days' notice to vacate a lot when the tenant owns a mobile home and is leasing the lot upon which the mobile home sits. Here, she argues the trial court erred in granting restitution of the premises with only 30 days' notice. In response, Osage claims that this argument is being raised for the first time on appeal and therefore must be dismissed.

"We will 'not consider arguments not raised below and made for the first time on appeal.'" *Hagan v. Buchanan*, 215 S.W.3d 252, 257 (Mo. App. 2007) (citation omitted). Our review of the record shows that this is the first time Jones has raised this argument. It appears in no pleading filed below, nor was there any mention of it during the trial. Furthermore, tempted though we may be to ignore this fact given that Jones is appearing *pro se*, under Missouri law, Jones "is bound by the same rules of procedure as those admitted to practice law and is entitled

2

to no indulgence she would not have received if represented by counsel." *Richard v. L & S Langco Props., LLC,* 350 S.W.3d 469, 471 (Mo. App. 2011) (citation omitted). "This principal is not grounded in a 'lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties'." *State ex rel. Morgan v. Okoye*, 141 S.W.3d 410, 411 (Mo. App. 2004) (citation omitted). Accordingly, Jones's point fails as being unpreserved for review.

The appeal is dismissed.[2]

_____
Anthony Rex Gabbert, Judge

ALL CONCUR.

---

[2] Accordingly, Appellant's Motion for Judgment on Appeal, to Tax Costs, and for Writ of Mandamus, filed on Sep. 6, 2018, is also denied.