Carletta "Karen" RAGAN, Appellant,

v.

FULTON STATE HOSPITAL AND DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 86640.

Missouri Court of Appeals, Eastern District, Division Two.

April 11, 2006.

Carletta Karen Ragan, Clarence, MO, for appellant.

Marilyn G. Green, Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Carletta (a.k.a. Karen) Ragan (hereinafter, "Claimant") appeals *pro se* from the Labor and Industrial Relations Commission's (hereinafter, "the Commission") decision denying her unemployment benefits and ordering her to repay the amount of benefits that were issued erroneously to her. We affirm.

This Court's review of the Commission's decision in an unemployment compensation case is governed by Article 5, Section 18 of the Missouri Constitution and Section 288.210 RSMo (2000).[1] *Shields v. Proctor & Gamble Paper Products Co.*, 164 S.W.3d 540, 543 (Mo.App. E.D.2005). We may modify, reverse, remand for rehearing, or set aside the Commission's decision only where: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210. In the absence of fraud, the Commission's factual findings are conclusive and binding on this Court if supported by competent and substantial evidence. Section 288.210; *Taylor v. Div. of Employment Sec.*, 153 S.W.3d 878, 881 (Mo.App. S.D.2005). "Our function is to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result." *Shields*, 164 S.W.3d at 543.

The facts are undisputed. Claimant was ordered confined to the Department of Mental Health on June 13, 2003, after being deemed incompetent to stand trial. Claimant was delivered to Fulton State

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

Hospital (hereinafter, "the Hospital") for treatment. As a condition of her treatment, Claimant was required to work for Brandt Vocational Enterprises (hereinafter, "BVE"), a rehabilitation center. Claimant earned wages from her work at BVE. In July 2004, Claimant sought release from the Hospital by way of a writ of habeas corpus. After a hearing that found her competent, Claimant's writ was granted on August 19, 2004. Subsequently, Claimant was released from the Hospital and simultaneously ceased working at BVE.

Claimant applied for unemployment benefits in December 2004. A deputy of the Division of Employment Security concluded Claimant was ineligible for unemployment benefits because she left work voluntarily without good cause attributable to her work. Claimant filed an appeal with the Appeals Tribunal of the Division of Employment Security. The Appeals Tribunal reversed the deputy's determination, finding Claimant qualified for benefits, but remanded the cause for an investigation into the wages Claimant earned while working at BVE. In the interim, Claimant received $56.00 per week, for eight weeks, culminating in approximately $448.00 in unemployment benefits.

Upon remand, the deputy determined Claimant was not engaged in employment as defined by Section 288.034.9 and was ineligible for unemployment compensation. The deputy further ordered Claimant to repay the full amount of benefits she erroneously received. Claimant appealed from this ruling, which was affirmed, after a hearing, by the Appeals Tribunal. The Commission affirmed, and Claimant now appeals to this Court.

■ Claimant appears *pro se*. As a *pro se* litigant, Claimant is bound by the same rules of procedure as a party represented by a licensed attorney. *State ex rel. Morgan ex rel. Div. of Child Support Enforcement v. Okoye*, 141 S.W.3d 410, 411 (Mo. App. W.D.2004). A *pro se* litigant's substantial compliance with Rule 84.04 is mandatory, thus ensuring that the reviewing court does not act as an advocate for the party by speculating on facts and arguments that were not asserted. *Id.* While Claimant's point relied on is not in compliance with Rule 84.04(d), nor does she include a standard of review with respect to this point, we are able to glean Claimant's legal argument, and therefore, we will review her point on appeal. *Reynolds v. Reynolds*, 163 S.W.3d 567, 568 (Mo.App. E.D.2005).

■ In her sole point on appeal, Claimant argues the Commission erred in finding she was ineligible for unemployment benefits and ordering her to return the benefits she received. Claimant states she is entitled to benefits regardless of her status as a "client" at the Hospital. We disagree.

■ Generally, a claimant seeking unemployment compensation bears the burden of demonstrating eligibility to receive benefits. *Akers v. Barnes Jewish Hosp.*, 164 S.W.3d 136, 138 (Mo.App. E.D.2005). There is no Missouri caselaw on point. Therefore, in this case of first impression, we must determine if Claimant was engaged in "employment" as defined pursuant to Section 288.034 during her commitment at the Hospital for incompetency.

■ Statutory construction is a matter of law. *City of St. Joseph v. Village of Country Club*, 163 S.W.3d 905, 907 (Mo. banc 2005). "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Div. of Employment Sec. v. Dolan*, 103 S.W.3d 918, 922 (Mo.

App. W.D.2003). Using these principles of statutory interpretation to guide us, we turn to the statute in question.

Section 288.034.1 generally defines "employment" as "service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied...." Section 288.034.8 includes in its definition services performed by an individual who works for an organization that is exempt from income tax under I.R.C. Section 501(a) and classified under I.R.C. Section 501(c)(3). However, Section 288.034.9(4) provides an exception with respect to Section 288.034.8, stating the term "employment" does not apply to services performed:

> In a facility conducted for the purpose of carrying out a program of rehabilitation for individuals whose earning capacity is impaired by age or physical or mental deficiency or injury or providing remunerative work for individuals who because of their impaired physical or mental capacity cannot be readily absorbed in the competitive labor market, by an individual receiving such rehabilitation or remunerative work.

There was competent and substantial evidence in the record to support the Commission's findings that Claimant's work at BVE fell under this exception. There was undisputed evidence the Hospital is an exempt organization pursuant to I.R.C. Section 501(c)(3). Further, it was uncontested that BVE is a rehabilitation center which offers employment for people who are determined to be physically or mentally impaired while they are committed at the Hospital. Claimant testified she was confined involuntarily, and as a condition of her treatment, she was required to work at BVE. Clearly, the Hospital fits the definition of "a facility conducted for the purpose of carrying out a program of reha-

bilitation for individuals whose earning capacity is impaired by age or physical or mental deficiency or injury ..." pursuant to Section 288.034.9(4).

Based on the foregoing, we find the wages Claimant earned during her work at BVE did not constitute "employment" pursuant to Section 288.034.9(4). Moreover, Claimant was not entitled to wage credits for wages paid during this period, and as a result, was ineligible to receive unemployment compensation. The payment of benefits was erroneous, and the Commission's decision ordering Claimant to return the overpaid amount was proper.

The Commission's decision is affirmed.

GARY M. GAERTNER, SR., P.J., and KENNETH M. ROMINES, J., concur.