**Elizabeth SANDERS, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. WD 75256.**

Missouri Court of Appeals, Western District.

March 5, 2013.

---

Elizabeth Sanders, Kansas City, MO, Appellant, pro se.

Bart A. Matanic, Jefferson City, MO, for Respondent.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, and THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges.

KAREN KING MITCHELL, Presiding Judge.

Elizabeth Sanders appeals a decision of the Labor and Industrial Relations Commission, dismissing, as untimely, her appli-

cation for review of the Missouri Division of Employment Security's decision that Sanders's appeal of the denial of her claim for unemployment benefits was untimely. Sanders's initial claim for benefits arose following the termination of her employment with the American Cancer Society. Due to Sanders's many failures to comply with the briefing requirements of Rule 84.04, we dismiss this appeal.

## Factual Background

On May 10, 2011, Sanders was fired from her position with the American Cancer Society (ACS). Two days after her termination, Sanders filed a claim with the Missouri Division of Employment Security, seeking unemployment benefits. In response, ACS asserted that Sanders, who had been employed as a housekeeper, was terminated for falsifying her time sheets. Based on a finding of "aggravated misconduct connected with the claimant's work," the Division denied Sanders's claim, and, consequently, Sanders was disqualified from receiving waiting-week credit and benefits related to her termination. The Division mailed its determination to Sanders on May 27, 2011.

On January 6, 2012, Sanders filed an appeal with the Division's appeals tribunal, challenging the Division's initial determination. In her notice of appeal to the appeals tribunal, Sanders acknowledged that more than thirty days had elapsed since the original determination was mailed to her. On January 12, 2012, the appeals tribunal dismissed Sanders's appeal as untimely because it had not been filed within thirty days of the date the determination was mailed to Sanders.[1] On April 16, 2012, in response to the dismissal, Sanders filed an application for review

with the Labor and Industrial Relations Commission. The Commission dismissed Sanders's application for review as untimely because it had not been filed within thirty days of the date the appeals tribunal mailed its decision to Sanders, as required by section 288.200.1. Sanders now appeals.

## Standard of Review

◼ In an unemployment compensation case, appellate review of the Commission's decision "is governed by Article 5, Section 18, of the Missouri Constitution and [s]ection 288.210" of the Missouri Revised Statutes. *Ragan v. Fulton State Hosp.*, 188 S.W.3d 473, 474 (Mo.App. E.D.2006).

> On review, an appellate court may modify, reverse, remand for rehearing, or set aside the decision of the Commission only where: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award.

*Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 197–98 (Mo.App. W.D. 2007) (citing § 288.210). "The Court defers to the factual findings of the Commission but is not bound by the Commission's conclusions of law or the application of the facts to the law." *Hubbell Mech. Supply Co. v. Lindley*, 351 S.W.3d 799, 807 (Mo. App. S.D.2011).

◼ In the absence of fraud, if the Commission's factual findings are supported by competent and substantial evidence, they are conclusive and binding on appeal. *Ragan*, 188 S.W.3d at 474. " 'Our function is

---

1. *See* section 288.070.6. All statutory citations are to RSMo 2000, as updated, unless otherwise noted.

to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result.'" *Id.* (quoting *Shields v. Proctor & Gamble Paper Products Co.*, 164 S.W.3d 540, 543 (Mo.App. E.D.2005)).

## Discussion

█ Sanders raises a single point on appeal. She claims that the Commission erred in dismissing her application for review as untimely because the tardiness of her appeal *to the appeals tribunal* should be excused due to her confusion as to how the appeals process worked. We disagree.

Section 288.200.1 provides that "[a]ny of the parties (including the division) to any decision of an appeals tribunal, may file with the commission within thirty days following the date of notification or mailing of such decision, an application to have such decision reviewed by the commission." In order for Sanders's application for review to have been timely, it had to have been filed with the Commission no later than February 13, 2012. Sanders did not file her application for review until April 16, 2012—well after the thirty-day period had lapsed. Thus, the Commission committed no error in dismissing her application for review as untimely.

█ Sanders's real challenge is to the appeals tribunal's dismissal of her appeal as untimely. But "[w]e review the Commission's decision, . . . and not the decision of the Division deputy or appeals tribunal." *Stanton v. Div. of Emp't Sec.*, 321 S.W.3d 486, 488 (Mo.App. W.D.2010). It is only when the Commission adopts the appeals tribunal's findings that "we are necessarily called upon to examine those findings in our review of the Commission's decision." *Hubbell*, 351 S.W.3d at 807. Here, however, the Commission's dismissal of Sand-

ers's application for review had nothing to do with the appeals tribunal's dismissal of her appeal. The Commission's decision was based upon the wholly independent ground that Sanders's application for review to the Commission was untimely.

█ "Our review is confined to those points of error that the appellant properly raises on appeal." *Stanton*, 321 S.W.3d at 488. Here, rather than challenge the Commission's decision as to the timing of her application for review, Sanders challenges the appeals tribunal's decision to dismiss her appeal as untimely. "Allegations of error not briefed or not properly briefed shall not be considered in any civil appeal. . . ." Rule 84.13(a).[2] "Furthermore, '[a] question not presented in an appellant's brief will be considered abandoned on appeal and no longer an issue in the case.'" *Stanton*, 321 S.W.3d at 488 (quoting *Lewis v. Fort Zumwalt Sch. Dist.*, 260 S.W.3d 888, 890 (Mo.App. E.D.2008)). Because Sanders fails to challenge the Commission's decision to dismiss her application for review due to her untimely filing, we find that she has abandoned that issue. "Having failed to raise the grounds upon which the Commission dismissed [her] claim, [Sanders] presents no appealable issue for this court to review." *Id.* Thus, we must dismiss this appeal.

Dismissal is further warranted because Sanders's appellate brief fails to comply with the requirements of Rule 84.04. *See, e.g., Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D.2005). "'The requirements of Rule 84.04(d) are mandatory and must be strictly applied.'" *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo.App. W.D. 2007) (quoting *Martin v. Circuit Court of the City of St. Louis*, 580 S.W.2d 307, 308 (Mo.App. E.D.1978) (citation omitted)).

**2.** All rule citations are to the Missouri Su- preme Court Rules (2012).

In addition to failing to challenge the ruling she is actually appealing from, Sanders fails to make any legal argument or direct us to any legal authority supporting her claim of error. She also fails to support her factual assertions with references to the record on appeal.

"An appellant has the obligation to cite appropriate and available precedent or explain why such authority is not available if she expects to prevail." *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 868 (Mo.App. W.D.2008). "A deficient argument is grounds for dismissal." *Id.*

█ While we recognize that Sanders is appealing *pro se*, "[i]t is well settled that *pro se* appellants are held to the same standards as attorneys and must comply with the Supreme Court Rules, including Rule 84.04...." *Thornton*, 161 S.W.3d at 919. "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.* Sanders's brief does not meet the requirements set forth in Rule 84.04; thus, her appeal must be dismissed.

### Conclusion

Sanders's appeal is dismissed.

THOMAS H. NEWTON and LISA WHITE·HARDWICK, Judges, concur.