

In the

Missouri Court of Appeals

Western District

JOSEPH SANDERS,                    )
                                   )
            Appellant,             )    WD76105
                                   )
v.                                 )    OPINION FILED:  January 28, 2014
                                   )
DIVISION OF EMPLOYMENT             )
SECURITY,                          )
                                   )
            Respondent.            )

**Appeal from the Labor and Industrial Relations Commission**

Before Division One:  Cynthia L. Martin, Presiding Judge, Mark D. Pfeiffer, Judge and
Karen King Mitchell, Judge

Joseph H. Sanders ("Sanders") appeals the decision of the Labor and Industrial

Relations Commission ("Commission") dismissing his application for review because it

was not timely filed.  On appeal, Sanders challenges the underlying decision of the

Appeals Tribunal that he was discharged from employment due to misconduct, making

him ineligible for benefits.  Because our appellate review is limited to issues determined

by the Commission, and because Sanders does not challenge the Commission's dismissal

of his application for review as untimely, Sanders has not preserved any issue for appellate review. The Commission's decision is affirmed.

**Factual and Procedural History**

Sanders was employed as a maintenance mechanic with Weidenhammer Packaging Group ("Employer"). Sanders was discharged on April 28, 2012 for failing to comply with Employer's policy regarding reporting work absences.

Sanders filed for unemployment benefits. A Division Deputy determined that Sanders was not disqualified for benefits because the discharge was not a result of misconduct connected with work. Employer appealed the Deputy's determination to the Appeals Tribunal. The Appeals Tribunal held that Sanders knowingly disregarded Employer's attendance policy and that Employer met its burden of proving that Sanders was terminated for misconduct connected with work.

The Appeals Tribunal decision was mailed on August 8, 2012. Sanders's application for review to the Commission was filed December 10, 2012. On January 7, 2013, the Commission dismissed Sanders's application for review "pursuant to section 288.200 RSMo,[1] because it was neither postmarked nor received within thirty (30) days after the Appeals Tribunal Decision was mailed." The Commission's order advised Sanders that if he chose "to appeal *this decision* to the Missouri Court of Appeals," he must do so within thirty days of the date of the order. (Emphasis added.)

Sanders filed a timely notice of appeal from the Commission's order on February 4, 2013.

---

[1]All statutory references are to RSMo 2000, as updated, unless otherwise noted.

**Standard of Review**

Appellate review of the Commission's decision in an unemployment case is governed by Article 5, Section 18, of the Missouri Constitution and section 288.210. *Sanders v. Div. of Emp't Sec.*, 392 S.W.3d 540, 542 (Mo. App. W.D. 2013). On appellate review, we are only authorized to afford a claimant relief from a Commission decision if:

> (1) the Commission acted without or in excess of its power; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award.

*Lewis v. Fort Zumwalt Sch. Dist.*, 260 S.W.3d 888, 889-90 (Mo. App. E.D. 2008); *see* section 288.210.

The decision we review on appeal is the Commission's. *Stanton v. Div. of Emp't Sec.*, 321 S.W.3d 486, 488 (Mo. App. W.D. 2010). We do not review the decision of the Appeals Tribunal except to the extent it is adopted by the Commission. *Sanders*, 392 S.W.3d at 543.

**Analysis**

Sanders raises a single point on appeal. He contends that the Commission erred in denying him unemployment benefits because Employer failed to establish that he was discharged because of misconduct connected with his work. The Commission did not, however, make a determination regarding Sander's entitlement to benefits. The Commission did not review the Appeals Tribunal's conclusion that Sanders was discharged from employment due to misconduct connected with his work. Rather, the

Commission dismissed Sander's application for review based solely on the ground that the application was not timely filed.

We are not permitted to review the issue raised in Sanders's point on appeal, as it is not an issue that was determined by the Commission. *See* Section 288.210. Nor are we permitted to review whether the Commission properly dismissed Sander's application as untimely filed since that is not a point of error raised by Sanders in this appeal. *Stanton*, 321 S.W.3d at 488 (holding that our review on appeal is confined to points of error properly raised in the appeal); *see also* Rule 84.13(a) ("Allegations of error not briefed or not properly briefed shall not be considered in any civil appeal.").[2]

We thus deny Sanders's single point relied on, and affirm the unchallenged decision of the Commission to dismiss Sanders's application for review as untimely. *Ex gratia*, we observe that the Commission's decision comports with the limits of its statutory authority. Pursuant to section 288.200, the Commission has no authority to entertain an application for review filed more than thirty days after the Appeals Tribunal decision is mailed. *See Phillips v. Clean-Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D. 2000) (holding that section 288.200 "does not provide for late filing and does not recognize any exceptions for filing out of time").

---

[2]*But see* Rule 84.13(c) permitting plain error review in extraordinary circumstances.

4

## Conclusion

The Commission's decision is affirmed.[3]

Cynthia L. Martin
Cynthia L. Martin, Judge


All concur

---

[3]Some of our decisions dismiss the appeal of a claimant who fails to challenge the Commission's dismissal of an application for review as untimely, theorizing that the only issue determined by the Commission has been abandoned, leaving no issue preserved for appellate review. *See, e.g., Sanders*, 392 S.W.3d at 543; *Elmore v. Div. of Emp't Sec.*, 341 S.W.3d 878, 880 (Mo. App. W.D. 2011); *Stanton*, 321 S.W.3d at 488. Other decisions point out that because we have jurisdiction to entertain a timely filed appeal from a Commission decision, we should affirm the Commission's decision (in lieu of dismissing the claimant's appeal) where the claimant fails to challenge the Commission's dismissal of an application for review as untimely. *See, e.g., Boles v. Div. of Emp't Sec.*, 353 S.W.3d 465, 468 n. 4 (Mo. App. W.D. 2011) (citing *Beebe v. Naviaux*, 327 S.W.3d 576, 578 (Mo. App. S.D. 2010).

The practical effect in either case is the same. However, this author believes the preferred disposition of a timely filed appeal is to dispose of the appeal on its merits, even where the claimant fails to challenge the Commission's decision to dismiss an application for review as untimely. This procedural disposition is consistent with Rule 84.14 which requires us to "award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give" where we otherwise have jurisdiction to entertain an appeal. This procedural disposition is also consistent with our power to conduct plain error review pursuant to Rule 84.13(c) where the plain error, "***though not raised or preserved*** [as required by Rule 84.13(a)]" "affects "substantial rights" such that the failure to consider same on appeal would result in "manifest injustice or miscarriage of justice." (Emphasis added.)

5