

# In the
# Missouri Court of Appeals
## Western District

RHIANNON ZUKOWSKI,                )
                                  )
                Appellant,        )   WD77569
                                  )
v.                                )   OPINION FILED:
                                  )   December 23, 2014
DIVISION OF EMPLOYMENT            )
SECURITY,                         )
                                  )
                Respondent.       )

**Appeal from the Labor and Industrial Relations Commission**

Before Division Three:  Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Rhiannon Zukowski ("Zukowski") appeals the decision of the Labor and Industrial

Relations Commission ("Commission") denying her unemployment benefits because it

found that Zukowski was discharged for misconduct connected with work.  Zukowski

argues that the Commission erred because Kelly Services, Inc., ("Employer") failed to

prove that her actions rose to the level of willful misconduct.  Because Zukowski does

not challenge the Commission's conclusion that her actions disregarded the standards the

Employer had the right to expect, and because the statutory definition of "misconduct" in

effect at the time of the Commission's decision did not require such conduct to be willful, we affirm.

**Factual and Procedural History**

Zukowski was hired by Employer, a temporary help firm, in August 2012. She was assigned to do full time work for third-party customers. When she was hired by Employer, Zukowski signed a Release and Consent to Drug Screening form in which she agreed to submit to drug testing and acknowledged that her refusal to submit to drug testing requested by Employer could result in her termination.

On June 11, 2013, Zukowski began a new assignment in a warehouse with Ted Cycles. At about 1 p.m. the same day, a representative from Ted Cycles called Employer and requested that Zukowski be removed from the workplace because she smelled of alcohol. Employer sent Denise Harris ("Supervisor") to Ted Cycles to inform Zukowski of the complaint and to remove her from the workplace.

Supervisor testified that after she informed Zukowski of the complaint, she told Zukowski that she would have to take a drug test. Zukowski testified that she told the Supervisor that she uses a strong mouthwash to clean her dentures and that the mouthwash was the cause of the alcohol smell. Both Supervisor and Zukowski testified that Zukowski told the Supervisor she would be willing to drive herself to the drug testing facility to take a drug test. Both Supervisor and Zukowski testified that the Supervisor told Zukowski that she could not drive herself to the drug testing facility but would need to ask someone to give her a ride. Both Supervisor and Zukowski testified

2

that Zukowski told the Supervisor no one could take her because everyone she knew was at work.

Supervisor and Zukowski dispute what occurred next. Supervisor testified that Zukowski became upset, said she was done with Employer, then walked to her car and left. Supervisor said that Zukowski left before Supervisor had the opportunity to offer her a taxi. Zukowski testified that she left because she thought she was in a stalemate with Supervisor. There is no dispute that Zukowski did not take a drug test.

Zukowski filed a claim for unemployment benefits on July 9, 2013. Employer filed a protest letter disputing Zukowski's claim on July 22, 2013. A Division of Employment Security ("DES") deputy determined that Zukowski did not qualify for unemployment benefits because she was discharged for misconduct connected with work under section 288.030.1(23).[1]

Zukowski timely appealed the deputy's decision to the DES Appeals Tribunal. The Appeals Tribunal affirmed the deputy's decision denying Zukowski unemployment benefits. The Appeals Tribunal deemed Supervisor's testimony credible and thus found that Zukowski "just walked away without allowing [Supervisor] an opportunity to offer other options of getting her to the drug testing facility. The [Supervisor] understood [Zukowski's] actions as a refusal to take the test." The Appeals Tribunal found that Zukowski's actions amounted to misconduct because Zukowski "willfully disregarded the employer's interest and standards of behavior that the employer had a right to expect."

---

[1]We are referring to the version of section 288.030.1(23) in effect prior to its amendment in 2014, as that is the version relevant to determination of Zukowski's claim for unemployment benefits.

3

Zukowski timely appealed the Appeals Tribunal decision to the Commission. The Commission affirmed the Appeals Tribunal decision and adopted its findings of fact and conclusions of law.[2] The Commission also supplemented its decision by finding that it was convinced that Zukowski walked away from Supervisor after Supervisor told Zukowski she could not drive herself to the drug testing facility. The Commission held that "[w]alking away was not an option, and, at minimum, amounts to insubordination."

Zukowski now timely appeals the Commission decision, setting forth a single point on appeal that she did not commit misconduct because her actions were not willful.

**Standard of Review**

"Appellate review of the Commission's decision in an unemployment case is governed by Article 5, Section 18, of the Missouri Constitution and section 288.210." *Sanders v. Div. of Employment Sec.*, 417 S.W.3d 895, 897 (Mo. App. W.D. 2014). "We may not reverse, remand, or set aside the Commission's decision unless the Commission acted without or in excess of its powers, the decision was procured by fraud, the decision was not supported by the facts, or the decision was not supported by sufficient competent evidence in the whole record to warrant the making of or the denial of the award." *Kimble v. Div. of Employment Sec.*, 388 S.W.3d 634, 638 (Mo. App. W.D. 2013) (citing section 288.210; *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)). "The decision we review on appeal is the Commission's," and "[w]e do not

---

[2]The Commission affirmed the Appeals Tribunal decision on a 2-1 vote. A dissenting opinion was filed in which the dissenting commissioner found that while Zukowski exhibited "very bad judgment" in driving away after being told she could not drive herself to the drug testing facility, Zukowski's conduct was "far short of any deliberate or conscious attempt to harm employer or its interests."

review the decision of the Appeals Tribunal except to the extent it is adopted by the Commission." *Sanders*, 417 S.W.3d at 897.

"An appellate court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Kimble*, 388 S.W.3d at 638 (internal quotations omitted). "In reviewing the Commission's decision, an appellate court must view the evidence objectively, not in the light most favorable to the decision of the Commission." *Id.* "However, [o]n matters of witness credibility and resolution of conflicting evidence, the appellate court defers to the Commission's determinations." *Id.* "As the trier of fact, the Commission may choose to believe or disbelieve all or none of the testimony of any witness." *Rush v. Kimco Corp.*, 338 S.W.3d 407, 410 (Mo. App. W.D. 2011) (internal quotations omitted). "The Commission's findings as to fact[s], if supported by competent and substantial evidence, in the absence of fraud, are conclusive." *Id.*

"While the appellate court gives deference to the Commission's findings of fact, the court is not bound by the Commission's conclusions of law or the Commission's application of law to the facts." *Kimble*, 388 S.W.3d at 638 (internal quotations omitted). "The determination of misconduct connected with work is a question of law that we review *de novo*." *Rush*, 338 S.W.3d at 410 (internal quotations omitted).

## Analysis

Zukowski's single point on appeal argues that her refusal to take a drug test was not willful misconduct authorizing the denial of unemployment benefits. "If a person is

5

terminated from his employment for misconduct connected with his work, that person may be denied employment security benefits under section 288.050.2." *Rush*, 338 S.W.3d at 410. Misconduct is defined in section 288.030.1(23) as:

> *[1] an act of wanton or willful disregard of the employer's interest*, *[2]* a deliberate violation of the employer's rules, *[3] a disregard of standards of behavior which the employer has the right to expect of his or her employee*, or *[4]* negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

(emphasis added; italicized brackets added).[3] "In general, a claimant bears the burden of demonstrating that he is entitled to unemployment benefits; however, when the employer claims that the applicant was discharged for misconduct, the burden shifts to the employer to prove misconduct connected to work." *Rush*, 338 S.W.3d at 411. "The employer bears the burden of demonstrating misconduct by a preponderance of the evidence." *Id.*

In its decision denying Zukowski unemployment benefits, the Commission ruled that Zukowski "willfully disregarded the employer's interest and standards of behavior that the employer had a right to expect." The Commission thus concluded that Zukowski's decision to walk away from the Supervisor having made no arrangements to take a drug test constituted misconduct under both the first and third categories described

---

[3]This section was materially amended by the General Assembly in 2014. The effective date of the amended provision is August 28, 2014. Our Opinion addresses and applies the version of the statute in effect at the time Zukowski's claim for benefits arose. However, we note that the 2014 amendment eliminates the reference to "wanton and willful," and now requires for conduct that amounts to a disregard of the employer's interest or a violation of the standards which the employer expects of his or her employee that the conduct be "knowing." RSMo section 288.030.1(23) (Cum. Supp. 2014).

in section 288.030.1(23). If the record supports the Commission's findings as to either of these categories of misconduct, we must affirm.

The Commission found with respect to both categories of misconduct that Zukowski's actions were "willful." In *Seck v. Dep't of Transp.*, 434 S.W.3d 74 (Mo. banc 2014), however, the Missouri Supreme Court held that willfulness need not be established for each category of misconduct described in section 288.030.1(23) because the degree of scienter required is set forth in the statute itself. *Id.* at 82. Specifically, the Supreme Court held that "willfulness" need not be established with respect to the third category of misconduct--disregard for the standards of behavior which the employer has the right to expect--because the requirement "has no basis in the plain language of section 288.030.1(23)." *Id.* at 83.

The Commission found that the Employer established that Zukowski's conduct constituted a disregard for the standards of behavior which the Employer had the right to expect **and** that Zukowski's disregard was willful. In light of *Seck*, the Commission thus found that the Employer established more than section 288.030.1 requires with regard to the third category of "misconduct."

Zukowski does not argue that it was error to conclude that she walked away in frustration while discussing arrangements to take the drug test with the Employer. Nor does Zukowski contend that that it was error to conclude that her conduct in walking away was not an option and, thus, disregarded the standards of behavior which the Employer had a right to expect. Zukowski argues only that it was error to characterize

7

her conduct as "willful."[4]  Though this claim of error remains relevant to the first category of misconduct described in section 288.030.1(23), the claim of error is immaterial to the third category of misconduct described in section 288.030.1(23) in light of the Supreme Court's decision in *Seck*.

Because Zukowski does not challenge the Commission's conclusion that her conduct disregarded the standards the Employer had a right to expect from her, we are required to affirm the Commission's decision.  It is thus unnecessary for us to address whether the Commission's additional conclusion that Zukowski willfully disregarded the Employer's interest is supported by the record as a whole.

Zukowski's sole point on appeal is denied.

### Conclusion

The Commission's decision denying unemployment benefits is affirmed.

_____
Cynthia L. Martin, Judge

All concur.

---

[4]Zukowski admitted during oral argument that her sole point on appeal challenged the Commission's conclusion that her conduct was willful.

8