In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

LEON BONE, ) ED108470
 )
 Respondent, ) Appeal from the Labor and Industrial
 ) Relations Commission
v. ) #2055498
 )
MACZUK FARMS TRUCKING, LLC, ) Filed: January 19, 2021
 )
 Appellant, )
 )
and )
 )
DIVISION OF EMPLOYMENT SECURITY, )
 )
 Respondent. )

 Maczuk Farms Trucking, LLC (Appellant) appeals from the decision of the Labor and

Industrial Relations Commission (Commission), which adopted the findings and conclusions of

the Division of Employment Security’s Appeals Tribunal (Appeals Tribunal). The decision

concluded that Leon Bone (Claimant) did not quit work but was discharged. We reverse the

Commission’s decision.

 BACKGROUND

 Claimant filed a claim for unemployment benefits, which Appellant protested, asserting

Claimant earned no wages and he was a “1099 paid driver-contractor.” Appellant’s owner,
William Maczuk (Owner) signed the protest, which included details that Claimant was an

independent contractor paid by 30 percent of the gross income on each load he hauled as a truck

driver.

 A deputy at the Division of Employment Security (DES) determined that Claimant was

discharged, but not for misconduct connected with Claimant’s work. The deputy found there

was not a final incident, but that “the employer did not think it would work.” Accordingly,

Claimant was not disqualified from benefits. The deputy did not address the issue of whether

Claimant was an employee or an independent contractor as raised in Appellant’s protest.

Appellant appealed from the deputy’s determination specifically contesting the award of benefits

on the basis that Claimant was an independent contractor. A hearing took place on September 9,

2018, before the DES’s Appeals Tribunal Referee (Referee).

 At the beginning of the Appeals Tribunal hearing, even though Appellant was

specifically challenging Claimant’s employment status, the Referee stated, “Well, for today’s

purposes, [Appellant is] deemed an employer, sir.” He referred to a separate pending tax case in

which the issue of whether Claimant was an employee would be addressed. Appellant

immediately objected on the record to the characterization of Claimant as an employee. While

the Referee acknowledged that the outcome on the tax matter could moot the hearing, the

Appeals Tribunal would not determine the issue on appeal and decided whether Claimant left

work voluntarily or was discharged, according to Section 288.050, which effectively ignored the

properly raised relief sought by Appellant.

 Claimant testified on his own behalf, and Owner testified on behalf of Appellant. In spite

of Referee’s decision to deem Claimant an employee for purposes of the hearing, Appellant was

allowed to present substantial evidence regarding Claimant’s status as an independent contractor

 2
without objection. In fact, Claimant never contested Appellant’s evidence. Specifically, the

evidence showed Appellant had no control over when Claimant delivered his loads, and

Claimant had received no written warnings or a policy handbook. Claimant repeatedly ignored

Appellant’s “8 a.m. rule” and set his own driving schedule, even though Appellant preferred

drivers to be at a business to unload their trucks when a business opened. Claimant was

responsible for how, when, and where he would work. Claimant also admitted against his own

interest he had not been paid W-2 wages but was paid a percentage of the loads he hauled

pursuant to a Form 1099. Claimant and Appellant operated under two written contracts

expressly acknowledging that Claimant was an independent contractor and either could terminate

the contract at any time for any reason.

 The Appeals Tribunal reached its decision on July 31, 2019. It first found a pending tax

case would address the issue of whether Claimant was an employee or independent contractor.

Therefore, even though the appeal was specifically disputing Claimant’s employment status, the

decision assumed Claimant was an employee for purposes of the hearing. It found Claimant was

hired by Appellant as an over-the-road truck driver and that Appellant “failed to provide

substantial and competent evidence that [C]laimant had violated any policies of the employer or

committed misconduct connected with work.” The Appeals Tribunal concluded Claimant did

not quit but was discharged for misconduct not connected with work. Therefore, he was entitled

to benefits.

 Appellant sought review with the Commission, again challenging Claimant’s

employment status. On October 28, 2019, the Commission found the Appeals Tribunal’s

decision was “fully supported by the competent and substantial evidence on the whole record”

and “it is in accordance with the relevant provisions of the Missouri Employment Security Law.”

 3
The Commission affirmed and adopted the Appeals Tribunal’s decision as its own. This appeal

follows.

 DISCUSSION

 Appellant raises three points on appeal. Its first point alleges the Commission erred in

deeming Claimant an employee of Appellant prior to the Appeals Tribunal’s hearing because the

decision is not supported by facts. Appellant claims the initial benefits determination did not

address the matter of employer-employee status or acknowledge the information Appellant

submitted to the Division upon being notified of Claimant’s claim that Claimant was not an

employee but was an independent contractor.

 Appellant’s second point alleges the Commission erred in deeming Claimant an

employee of Appellant during and after the Appeals Tribunal hearing because there is no

competent and substantial evidence in the record as a whole that Claimant had been an

employee. Appellant contends Claimant admitted he had not been paid W-2 wages; Claimant

agreed to be considered an independent contractor and not an employee in two written

agreements; Claimant was responsible for how, when, and where he would work; Claimant was

responsible for all tax obligations regarding his earnings; Claimant was responsible for paying

his own unreimbursed expenses while working; Claimant would not wear any clothing indicating

he might be employed as a wage earner; Claimant performed the very work he contracted to

perform; Claimant did not work at Appellant’s direction or under any set of its policies; Claimant

could unilaterally terminate the written truck lease agreement at any time and for any reason; and

Claimant could work for Appellant’s competitors without restriction.

 Appellant’s third and final point alleges the Commission erred in finding Claimant had

not been discharged for misconduct because the facts as found by the Appeals Tribunal do not

 4
support the award of unemployment benefits in that Claimant stopped working for two months,

made himself and the Appellant’s truck unreachable and unavailable during that time, and

indicated he would not work any longer by allowing his daughter to hang up on Owner when he

inquired whether Claimant would continue to work and how Owner could find the truck so as to

ensure its availability for use.

 Standard of Review

 Appellate review of the Commission’s decision in an unemployment case is governed by

Missouri’s Revised Statutes, Section 288.210, and Article 5, Section 18 of the Missouri

Constitution. Sanders v. Div. of Employment Sec., 417 S.W.3d 895, 897 (Mo. App. W.D. 2014).

The court, on appeal, may modify, reverse, remand for rehearing, or set aside the commission’s

decision on the following grounds and no other: (1) the commission acted without or in excess

of its powers; (2) the decision was procured by fraud; (3) the facts found by the commission do

not support the award; (4) there was no sufficient competent evidence in the record to warrant

the making of the award. Nat’l Heritage Enters., Inc. v. Div. of Emp’t Sec., 164 S.W.3d 160,

165-66 (Mo. App. W.D. 2005); see also Hampton v. Big Boy Steel Erection, 121 S.W.3d 220,

223 (Mo. banc 2003). The appellate court reviews the Commission’s decision, but reviews the

Appeals Tribunal’s decision to the extent it is adopted by the Commission. Sanders, 417 S.W.3d

at 897. While the court gives deference to the Commission’s findings of fact, the court is not

bound by the Commission’s conclusions of law or the Commission’s application of law to the

facts. Kimble v. Div. of Employment Sec., 388 S.W.3d 634, 638 (Mo. App. W.D. 2013). “In

reviewing the Commission’s decision, an appellate court must view the evidence objectively, not

in the light most favorable to the decision of the Commission.” Id. (internal citation omitted).

 5
Moreover, we examine the record as a whole to determine if it contains sufficient competent and

substantial evidence to support the award. Hampton, 121 S.W.3d at 223.

 Analysis

 Although Appellant strenuously and repeatedly protested Claimant’s award of

unemployment benefits based on his status as an independent contractor, DES, the Appeals

Tribunal and the Commission all refused to consider his properly raised claim. Appellant argues

this determination was a threshold issue and the decision to essentially ignore it requires reversal.

Appellant further argues the competent and substantial evidence in the record proves that

Claimant was an independent contractor. We agree with Appellant’s first two points.

 The Missouri Employment Security Law, Sections 288.010-.390, require employers to

make unemployment tax contributions to their employees, but not for independent contractors.

Nat’l Heritage Enters., Inc. v., 164 S.W.3d at 166. Section 288.034 defines “employment” and

subsection 5 provides

 Service performed by an individual for remuneration shall be deemed to be
 employment subject to [Missouri’s employment security] law unless it is shown
 to the satisfaction of the division that such services were performed by an
 independent contractor. In determining the existence of the independent
 contractor relationship, the common law of agency right to control shall be
 applied. The common law of agency right to control test shall include but not be
 limited to: if the alleged employer retains the right to control the manner and
 means by which the results are to be accomplished, the individual who performs
 the service is an employee. If only the results are controlled, the individual
 performing the service is an independent contractor.

Section 288.034.5. Where a worker has received remuneration from an employer, there is a

presumption of an employer-employee relationship, and to the extent it challenges that

presumption, the burden of proof rests with the employer to show, under the common law right

to control test, that the worker is an independent contractor. Bedford Falls Co. v. Div. of Emp’t

 6
Sec., 998 S.W.2d 851, 856 (Mo. App. W.D. 1999); see also Burns v. Labor & Indus. Relations

Comm'n, 845 S.W.2d 553, 556 (Mo. banc 1993).

 Missouri Courts routinely apply a 20-factor test as “indices of control” in determining the

nature of the employment relationship and whether an individual is an employee or independent

contractor under the common law rules. E.P.M. Inc. v. Buckman, 300 S.W.3d 510, 514 (Mo.

App. W.D. 2009). However, we note the 20 factors are guides in determining the nature of the

employment relationship, not the only factors to consider. Nat’l Heritage Enters., Inc., 164

S.W.3d at 167 (internal citation omitted). They are not bright-line rules, but are indices of

control in determining employment status. Id. No single factor is conclusive, but some may be

more important than others depending on the industry and context in which the services are

performed. Id. The inquiry’s focus must be the degree to which the employer has the “right to

control the manner and means of performance.” Id.

 Thus, the first step in determining whether a claimant is covered by the Missouri

employment security statutes is to determine whether his relationship constitutes one of

“employment.” Gateway Taxi Mgmt. v. Div. of Emp’t Sec., 461 S.W.3d 830, 832 (Mo. banc

2015). Simply characterizing a party an independent contractor or employee does not make it so;

rather, a court must make a factual determination of independent contractor or employee status.

See Sakabu v. Regency Const. Co., 392 S.W.3d 494, 499 (Mo. App. E.D. 2012).

 Even though Appellant had the burden to prove that Claimant was an independent

contractor as alleged, the Appeals Tribunal and Commission refused to consider Appellant’s

properly raised claim. In fact, the Appeals Tribunal went so far as to tell Appellant not to

address this issue. Throughout the hearing, however, the Referee allowed Appellant to present

evidence on the issue. The Appeals Tribunal and Commission left the issue of Claimant’s

 7
employment status to be determined in some mysterious pending tax matter. 1 However,

Appellant repeatedly and properly preserved the issue with an objection at each level of appeal.

We find the Commission erred in deeming Claimant an employee of Appellant prior to the

Appeals Tribunal’s hearing because the initial benefits determination did not address the matter

of employer-employee status despite Appellant’s repeated assertions, which were uncontested by

Claimant, that he was an independent contractor. Appellant’s first point is granted.

 Furthermore, the record as a whole contains competent and substantial evidence in

addition to the specific findings of the Appeals Tribunal and Commission regarding Claimant’s

right of control to support a determination that Claimant was an independent contractor. Thus,

we reverse on Point II in light of the entire record before us. Hampton, 121 S.W.3d at 222-23

(Mo. banc 2003). Appellant not only challenged, but successfully rebutted, the presumption that

Claimant was an employee, with undisputed testimony from both sides that Claimant was an

independent contractor. “The findings of the commission as to the facts, if supported by

competent and substantial evidence and in the absence of fraud, shall be conclusive[.]” Section

288.210. Where the great weight of the evidence establishes that the appellant business did not

have control over the manner in which the claimant worked, we conclude the claimant was

acting as an independent contractor. See Nat’l Heritage Enters., Inc., 164 S.W.3d at 173.

 The Appeals Tribunal and Commission similarly found – but ignored – the facts that

Appellant neither had control over Claimant delivering his loads nor had policies or handbooks

in place regulating Claimant’s conduct. The record supports this finding in that Claimant

1
 We would strongly question such an inefficient process that wastes judicial resources because a subsequent
determination in a separate matter would moot the entire case, as admitted by the Appeals Tribunal Referee on the
record in this matter. Moreover, claimants are given potentially false hope and security that they are entitled to
unemployment benefits, only to be later informed that a different conclusion in another case (to which they might
not even be a party) as to this threshold issue which would make them ineligible to the benefits they have been paid
and the possible financial consequences.

 8
repeatedly ignored Appellant’s “8 a.m. rule” and set his own driving schedule even though

Appellant preferred drivers to be at a business to unload their trucks when a business opened.

Claimant was responsible for how, when, and where he would work. Claimant also admitted

against his own interest he had not been paid W-2 wages but was paid a percentage of the loads

he hauled pursuant to a Form 1099. Claimant and Appellant operated under two written

contracts expressly acknowledging that Claimant was an independent contractor and either could

terminate the contract at any time for any reason.

 Moreover, the Appeals Tribunal and Commission made no contrary finding that would

support a conclusion that Appellant had any control over Claimant as an employee. We

determine that “the great weight of the evidence in the whole record favors the conclusion that

[Claimant] was acting as an independent contractor[.]” Nat’l Heritage Enters., Inc., 164 S.W.3d

at 173. We do not defer to the Commission’s determinations of law. Consequently, we find

Claimant does not meet the statutory requirements for an employee to show he was entitled to

unemployment benefits on the record before us. 2 Thus, we find the Commission erred in

assuming Claimant’s employment status and refusing to consider substantial and competent

evidence on the record regarding the properly raised issue that Claimant was an independent

contractor. Point II is granted.

 Finding Appellant’s first and second points dispositive, we do not address Appellant’s

remaining point.

2
 Our threshold determination is limited solely to the facts, parties, and record before us and is not necessarily
binding on Appellant’s pending tax litigation.

 9
 CONCLUSION

 We reverse the Commission’s decision and find Claimant was an independent contractor,

not qualified for unemployment benefits.

 ____________________________________
 Lisa P. Page, Judge

Robin Ransom, P.J. and
Sherri B. Sullivan, J., concur.

 10