In the
 Missouri Court of Appeals
 Western District
 KALEAHA RAYNER, )
 )
 Appellant, ) WD84225
 )
 v. ) OPINION FILED: October 5, 2021
 )
 DIVISION OF EMPLOYMENT )
 SECURITY, )
 )
 Respondent. )

 Appeal from the Labor and Industrial Relations Commission

 Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Gary D. Witt, Judge
 and W. Ann Hansbrough, Special Judge

 Kaleaha Rayner ("Rayner") appeals the Order of the Labor and Industrial Relations

Commission ("Commission"), dismissing her application for review of the decision of the

Appeals Tribunal because the Commission lacked statutory authority to conduct such

review, as the application for review was not timely filed.1 We reverse and remand to the

Commission for further proceedings consistent with this opinion.

 1
 The Order of the Commission states that it is because "the Commission has no jurisdiction." But we have
held:
 Appellate courts should affirm the Commission's order of dismissal based on the Commission's lack
 of authority to consider the application for review, rather than dismiss the appeal of the
 Commission's order for lack of jurisdiction when, as here, the Claimant has not timely filed an
 Factual and Procedural Background

 Rayner worked for Ford Motor Company on the Assembly Line. Pursuant to a

layoff due to the Covid-19 virus pandemic, Rayner filed for benefits on the week ending

March 28, 2020, and the weeks following. At some point in April of 2020, Rayner alleges

she mistakenly reported, by hitting a wrong button, that she had been suspended from her

employment. On April 14, 2020, Rayner was sent a "pending issue questionnaire" asking

for additional information regarding the suspension and directing that the questionnaire be

returned to the Division of Employment Security ("Division") by mail or by fax within

seven days. The questionnaire also gave Rayner the option of completing the questionnaire

online by logging on to U-Interact and entering the provided access code. According to

Rayner, her access code was not accepted, and when she called the number listed, she

learned that the "system" was "backed up" until May 15, 2020. Nonetheless, Rayner

acknowledges she did not fax or mail in her questionnaire within that time. On May 18,

2020, Rayner received a notice of the Deputy's Determination concerning her claim for

benefits stating that she had been determined to be ineligible for benefits from April 5,

2020, because she had not met the registration and reporting requirements.

 Rayner filed an appeal from the Deputy's Decision to the Appeals Tribunal on June

1, 2020, and a telephone hearing on the appeal was held on August 11, 2020. On August

13, 2020, Rayner was mailed notice that the Appeals Tribunal had concluded Rayner was

 application for review with the Commission but has filed a timely notice of appeal of the
 Commission's order dismissing the Claimant's untimely application for review.

Ward v. Div. of Emp. Sec., 600 S.W.3d 283, 287 n.3 (Mo. App. W.D. 2020) (internal quotation omitted).

 2
not eligible for benefits but had limited the ineligibility from April 5, 2020, to May 3, 2020;

Rayner was notified she had thirty days to apply for review of the decision of the Appeals

Tribunal to the Commission.

 Rayner's application for review was mailed on October 29, 2020 and received by

the Commission on November 2, 2020. In that letter, Rayner stated that she had previously

mailed an application for review on August 26, 2020, but Commission staff had advised

her it had not been received so she was sending a second letter requesting review by the

Commission. The Commission dismissed Rayner's application for review as untimely on

December 3, 2020. In its order, the Commission found that Rayner's October 29, 2020,

application for review was not timely filed, requiring the Commission to dismiss. The

Commission's order did not address the merits of Rayner's substantive claim. The

Commission further did not address Rayner's contention that a timely application for

review had first been mailed on August 26, 2020, well within the thirty-day time frame

provided to file an application for review. Rayner filed a timely appeal to this Court from

the Commission's order of dismissal on December 16, 2020.

 Standard of Review

 Article V, section 18 of the Missouri Constitution and section 287.495.1 2 of the

Missouri statutes dictate our standard of review with respect to the Commission's awards

and orders.

 [We] shall review only questions of law and may modify, reverse, remand
 for rehearing, or set aside the award upon any of the following grounds and
 no other:

 2
 All statutory references are to R.S.Mo. (2016), as updated by supplement.

 3
 (1) That the commission acted without or in excess of its powers;

 (2) That the award was procured by fraud;

 (3) That the facts found by the commission do not support the award;

 (4) That there was not sufficient competent evidence in the record to warrant
 the making of the award.

Section 287.495.1; Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 222 (Mo. banc

2003).

 Analysis

 Rayner's single point on appeal argues the Commission erred in dismissing her

application for review of the decision of the Appeals Tribunal as being untimely because

she had, in fact, sent a timely application for review on August 26, 2020, although

Commission staff advised her that the timely mailed application for review had not yet

been received. In response to this information, Rayner alleges, she mailed a second

application for review on October 29, 2020.

 This Court can only review the decision of the Commission and not the decisions of

the Division deputy or the Appeals Tribunal. Sanders v. Div. of Emp. Sec., 392 S.W.3d

540, 543 (Mo. App. W.D. 2013). We do not review the findings of the Appeals Tribunal

unless the Commission adopts those findings. Id. In this case, the Commission's order

dismissing Rayner's case as untimely did not depend on any facts or legal determinations

made by either the Division or the Appeals Tribunal but rather on the basis that her

application to the Commission was untimely.

 4
 "Section 288.200 provides that an unemployment claimant has thirty days from the

mailing of the Appeals Tribunal's decision to file an application for review with the

Commission." Ward v. Div. of Emp. Sec., 600 S.W.3d 283, 287 (Mo. App. W.D. 2020).

"In unemployment cases, the time guidelines for seeking review of the Appeals Tribunal

decision are mandatory and require strict compliance." Foster v. Div. of Emp. Sec., 360

S.W.3d 851, 853 (Mo. App. W.D. 2011). "There is no provision in section 288.200.1 to

allow for filing out of time." Ward, 600 S.W.3d at 287.

 While section 288.200.2 allows the Commission to "reconsider any
 determination or redetermination or decision wherein any such right, fact or
 matter at issue was determined or necessarily involved when it appears that
 such reconsideration is essential to accomplish the object and purposes of the
 law," that section speaks in terms of its own decisions, not the decisions of a
 DES deputy or the Appeals Tribunal.

Id.

 Because unemployment benefits "are solely a creature of statute," we cannot create

exceptions to the time limitations where none exist in the provision of the statute. Id.

(quoting Foster, 360 S.W.3d at 853). However, Rayner claimed in her October 29, 2020

letter to the Commission that she had previously sent a timely application for review on

August 26, 2020, a time during which the United States Postal Service was experiencing

delivery issues due to the COVID-19 pandemic. Although section 288.200 provides that a

claimant has thirty days to file an application for review with the Commission, section

288.240 provides that any notice of appeal required to be filed with the Commission "shall,

when mailed to and received by the . . . [C]ommission, be deemed to be filed as of the date

 5
endorsed by the United States post office on the envelope or container in which such

paper is received." (Emphasis added.)

 Despite Rayner's contention that she mailed an application for review on August 26,

2020, and despite the fact that the application would be deemed "filed" as of the date it was

mailed, regardless of when received by the Commission, the Commission made no findings

on the issue of timeliness of Rayner's purported August 26, 2020 application for review.

The Commission controls determining whether Rayner's August 26, 2020 application has

ever been received--a matter about which Rayner could have no knowledge, as the August

26, 2020 application for review was purportedly mailed in the ordinary course, without a

tracking service. If the August 26, 2020 application for review had been received by the

Commission, then, as a matter of law, it would have been deemed timely filed, assuming

the envelope or container in which it was received bore a date endorsed by the United

States post office that falls within thirty days of the August 13, 2020 Appeal Tribunal

notice.

 Yet, the Commission made no findings regarding Rayner's allegation that she

mailed a timely application for review to the Commission on August 26, 2020. The

Commission did not assess the credibility of this contention, and the Commission did not

determine whether the August 26, 2020 application for review has ever been received by

the Commission, which, given issues encountered with postal delivery during the COVID-

19 pandemic, may have been substantially delayed. Therefore, we cannot determine on

this record whether the Commission considered the effect of section 288.240 when it

dismissed Rayner's October 29, 2020 application for review as untimely. The

 6
Commission's order stating that it had no jurisdiction and was therefore dismissing the

application for review suggests that they did not consider this issue.

 In Dixon v. Stoam Industries, Inc., 216 S.W.3d 684, 688 (Mo. App. S.D. 2006), the

Southern District remanded a case to the Commission "with directions to hold a hearing

and make findings of fact as to the date on which Claimant's notice of appeal is deemed

filed, in accordance with section 288.240 as construed in this opinion, . . . and proceed with

the appeal in accordance with the requirements of section 288.210." The same outcome is

required here.

 Point granted.

 Conclusion

 The order of the Commission is reversed. This matter is remanded to the

Commission with directions to hold a hearing and make findings of fact as to whether

Rayner mailed an application for review to the Commission within thirty-days of the

August 16, 2020 Appeals Tribunal notice; as to whether said application for review has

ever been received by the Commission; as to whether Rayner's application to the

Commission was timely; and, if held to be timely, as to the merits of Rayner's application

for review.

 __________________________________
 Gary D. Witt, Judge

All concur

 7