

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| SAMANTHA B. BOURNE, | ) | No. ED111790 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | Appeal Nos. 2245130–34 |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | FILED: June 11, 2024 |

### Opinion

Samantha B. Bourne (Appellant) appeals from the decisions of the Labor and Industrial Relations Commission (Commission) denying her unemployment benefits. In two points on appeal, Appellant argues improper notice by the Division of Employment Security (Division) resulted in the Commission denying her due process rights by dismissing her appeals from her overpayment determinations as untimely. Because the Commission specifically treated Appellant's appeals as timely and denied the appeals on the merits—concluding that she was disqualified from receiving unemployment benefits during the relevant periods because she was not unemployed—we deny both points. Accordingly, we affirm the Commission's decisions.

### Background

A Deputy of the Division issued Appellant five overpayment determinations regarding state and Federal Pandemic Unemployment Compensation (FPUC) benefits during periods of

ineligibility between May 2020 and April 2021. Appellant appealed from each of the determinations, and the Appeals Tribunals set them for a telephone conference hearing on February 17, 2023, which Appellant attended. Subsequently, the Appeals Tribunal concluded Appellant's appeals were untimely filed and dismissed them. Appellant sought review of Appeals Tribunal decisions with the Commission.

The Commission found Appellant credibly testified that she had moved and not updated her address with the Division because she had not claimed any benefits in over a year, thus Appellant's lack of notice regarding the Division's determinations would result in a violation of her due process rights. Therefore, the Commission found Appellant's appeals to be timely filed as a matter of due process. The Commission stated that the sole issue for review was whether Appellant was paid benefits during periods of ineligibility. The Commission affirmed the overpayment determinations on the grounds that Appellant was disqualified to receive benefits during the relevant periods because she was not unemployed. This appeal follows.

Standard of Review

Our review of Commission decisions is governed by § Section 288.210[1] .

> The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
> (1) That the commission acted without or in excess of its powers;
> (2) That the decision was procured by fraud;
> (3) That the facts found by the commission do not support the award; or
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

§ 288.210. We consider whether the Commission's decision is "supported by competent and substantial evidence upon the whole record." *Humphrey v. Tramar Cont., Inc.*, 669 S.W.3d 151, 153 (Mo. App. E.D. 2023) (quoting *Lexow v. Boeing Co.*, 643 S.W.3d 501, 504 (Mo. banc 2022)

---

[1] All Section references are to RSMo (2016).

(quoting MO. CONST. art. V, sec. 18))).  We review *only* the decision of the Commission. *Sanders v. Div. of Emp. Sec.*, 417 S.W.3d 895, 897 (Mo. App. W.D. 2014) (internal citation omitted).  "We do not review the decision of the Appeals Tribunal except to the extent it is adopted by the Commission." *Id.* (internal citation omitted).

Discussion

In her first of two points on appeal, Appellant argues the Commission erred in finding her appeal from the FPUC overpayment determination was untimely due to improper notice.  In her second point, she contends the Commission erred in upholding the FPUC and other overpayment determinations because the improper notice entitles her to a new hearing to contest her eligibility for unemployment benefits during the relevant periods.

<u>Compliance with briefing requirements</u>:

As a threshold issue, the Division appropriately argues that we should dismiss Appellant's appeal for failure to comply with the Rules of Appellate Procedure set forth in Rule 84.04.  *See Thompson v. Special Sch. Dist. of St. Louis Cnty.*, 663 S.W.3d 493, 498 (Mo. App. E.D. 2023) (internal citations omitted) (noting "[c]ompliance with the briefing requirements under Rule 84.04 is mandatory" and "[f]ailure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal").  Nevertheless, "we have discretion to review a brief that has deficiencies under Rule 84.04 when its argument is readily understandable, 'notwithstanding minor shortcomings' in complying with the rules of appellate procedure[.]" *Townsend v. Div. of Emp. Sec.*, 654 S.W.3d 424, 428 (Mo. App. E.D. 2022) (quoting *Murphree v. Lakeshore Est., LLC*, 636 S.W.3d 622, 624 (Mo. App. E.D. 2021)).  Here, despite Appellant's deficiencies in briefing the points relied on, facts, and arguments, in addition to obvious formatting errors, we exercise our discretion to reach the merits of the appeal because

3

Appellant's key contentions are readily understandable. *See id.* at 427 (internal quotation omitted) (noting our courts prefer to dispose of cases on the merits).

I.      Appellant's appeals were found to be timely by the Commission:

We now turn to Appellant's first point on appeal, which asserts the Commission erred in finding the appeals untimely so as to deprive Appellant of meaningful notice and opportunity to contest her unemployment determinations. Given the record and the Commission's decision, Appellant's arguments are wholly without merit. The Division correctly notes that Appellant misstates the record. While the Appeals Tribunal found Appellant's appeals untimely, those decisions are outside the scope of our review. *See Sanders*, 417 S.W.3d at 897 (internal citation omitted). The Commission—whose decision we are reviewing—did ***not*** find Appellant's appeals were untimely. Instead, the Commission considered the mailing issue to be a matter of due process and expressly treated Appellant's appeals as timely filed and denied her relief on the ***merits***. Specifically, the Commission denied Appellant's appeals on the grounds that she was disqualified to receive benefits during the relevant periods for the stated amounts because she was not unemployed.[2]   Because the Commission did not find that Appellant's appeals were untimely, Appellant alleges no claim of reversible error. We deny Point One.

II.     Issue of lack of notice is unpreserved for review:

We now examine Appellant's second point on appeal in which she alleges the same lack of notice and due process violation raised in Point One of her appeal. Specifically, Appellant alleges the improper notice of the overpayment determinations entitles her to a new evidentiary hearing to contest her eligibility for unemployment benefits during the time periods at issue.

---

[2] We note this case does not involve good cause, thus it is distinguishable from the line of cases holding that the Commission has no authority to excuse untimely appeals from overpayment determinations for good cause. *See Kline v. Div. of Emp. Sec.*, 662 S.W.3d 158, 162 (Mo. App. E.D. 2023) (citing 8 C.S.R. 10-5.010(5)(c)).

Thus, Appellant contends the Commission erred in upholding the FPUC and other overpayment determinations.

We find that her due-process argument is unpreserved, as Appellant did not raise any due-process issues in her applications to the Commission for review, and an Appellant may not raise issues on appeal to this Court that were not raised with the Commission. *See St. John's Mercy Health Sys. v. Div. of Emp. Sec.*, 273 S.W.3d 510, 516 (Mo. banc 2009); *Humphrey*, 669 S.W.3d at 154 (internal citations omitted).

Even setting aside such preservation concerns, Appellant does not dispute the correctness of the amounts of overpayment, which, as the Division notes, is the sole issue on appeal rather than benefits eligibility. *See Hergins v. Div. of Emp. Sec.*, 372 S.W.3d 543, 546 (Mo. App. W.D. 2012); *see also Schmidt v. Ritter Horticultural Servs., Inc.*, 678 S.W.3d 134, 136–37 (Mo. App. E.D. 2023) (distinguishing between appeals from eligibility determinations from overpayment determinations). Moreover, Appellant's due process allegations are plainly refuted by the record, which shows that Appellant had sufficient notice to attend and testify at her telephone hearing and, further, that the Commission treated her appeals as timely filed for purposes of review. Appellant's second point on appeal is denied.

<u>Conclusion</u>

For the reasons set forth above, the decision of the Commission is affirmed.

_____
Rebeca Navarro-McKelvey, J.

Thomas C. Clark, II, C.J., and
Thomas C. Albus Sp. J., concur.

5